ORIGINAL

**FILED**

UNITED STATES COURT OF FEDERAL CLAIMS     **MAR 4 2013**

**U.S. COURT OF
FEDERAL CLAIMS**

ROY SMITH, on his own
behalf and for others similarly situated,

v.

UNITED STATES OF AMERICA,

Defendant.

_____/

CASE NO.:

**13-161**

**CLASS/COLLECTIVE ACTION**

## COMPLAINT

1.     Plaintiff, ROY SMITH ("Plaintiff"), is a former employee of the Department of Veterans Affairs ("VA") (and thus the United States of America ("USA" or "Defendant")) and worked for Defendant in the Veterans Canteen Svc (VCS) restaurant and retail store as a non-exempt salaried General Manager in Training in Texas during the relevant limitations period. Plaintiff brings this action against the USA for unpaid overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and 28 U.S.C. §2201, on behalf of himself and all those similarly situated to him.

2.     This action is brought under the FLSA to recover overtime compensation, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs on behalf of each and every similarly situated salaried General Manager in Training employed by the VA (and thus, the United States of America) at any time during the last three years.

3.     This Court has jurisdiction over Plaintiff's claims pursuant to 5 U.S.C. §8715, 28 U.S.C. §1346(a)(2), 28 U.S.C. §1361, 28 U.S.C. §1491, 28 U.S.C. §§2501, 2516 and 2517, the

FLSA (29 U.S.C. §216(b)), and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

4.      Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1)(C).

5.      At all times relevant to this action, Plaintiff, and those similarly situated to him regularly worked more than forty (40) hours per week in the performance of his/their job duties and responsibilities on behalf of USA.

6.      At all times relevant to this action, USA failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty (40) within a work week.

7.      Specifically, the Defendant failed and/or refused to pay Plaintiff proper time and one half overtime compensation for all hours worked over forty (40) in one or more workweeks, because it misclassified Plaintiff as exempt from the overtime provisions of the FLSA and thus paid Plaintiff on a salaried basis without the payment of any overtime wages for the time he worked in excess of forty (40) hours a week.

8.      USA and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff and those similarly situated to him, the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

9.     Upon information and belief, the full records concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to him, are in the possession and custody of Defendant.

10.     Plaintiff's Notice of Consent to Join this lawsuit has been contemporaneously filed with this Complaint.

## RECOVERY OF OVERTIME COMPENSATION

11.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 10 above.

12.     Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but were not paid time and one-half compensation for same by USA. Instead, they simply were paid on a salaried basis for their first forty hours of work, without any premium payments for their overtime hours worked.

13.     As a result of the conduct of its officers and agencies, USA had engaged in an intentional, willful, and unlawful act in refusing to pay Plaintiff, and those similarly situated to him, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks.  As a result, Plaintiff, and those similarly situated to him, have suffered damages and have incurred reasonable attorneys' fees and costs.

14.     As a result of USA's willful violation of the FLSA *via* the acts of its officers and agencies, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

15.     Plaintiff demands a trial by jury.

16.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant and:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

c.  Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.  Awarding Plaintiff pre-judgment interest;

g.  Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff; and

h.  Ordering any other further relief the Court deems just and proper.

DATED this \_\_\_ day of March, 2013

C. RYAN MORGAN, ESQ.
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:  rmorgan@forthepeople.com

ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone:  (954) 318-0268
Facsimile:  (954) 333-3515
Email:  afrisch@forthepeople.com

RICHARD J. (Rex) BURCH
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile:  (713) 877-8065
Email:  rburch@brucknerburch.com

*Counsel for Plaintiffs*