IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROY SMITH,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION
AND AUTHORIZATION TO MAIL NOTICE TO POTENTIAL CLASS MEMBERS

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

REGINALD T. BLADES, JR.
OF COUNSEL:                        Assistant Director

PAUL PETRABORG                     JOSHUA A. MANDLEBAUM
Staff Attorney                     Trial Attorney
Department of Veterans Affairs     Commercial Litigation Branch
St. Louis, Missouri                Civil Division
                                   Department of Justice
                                   P.O. Box 480
                                   Ben Franklin Station
                                   Washington, D.C. 20044
                                   Tele:  (202) 305-3091
                                   Tax:   (202) 514-8642

April 7, 2014                      Attorneys for Defendant.

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES.......................................................................................2

STATEMENT OF THE CASE.........................................................................................2

SUMMARY OF THE ARGUMENT ................................................................................2

ARGUMENT ..................................................................................................................3

    I.      Legal Standards...................................................................................3

    II.    Mr. Smith Is Not Similarly Situated To Every VCS Intern Across The Nation......5

    III.   The Forms Of Notice And Consent Proposed By Mr. Smith Are Improper ..........7

        A.    Implied Court Endorsement........................................................................8

        B.    Envelope Language...................................................................................10

        C.    Requirement That A Potential Plaintiff Agree To Allow Plaintiff's Counsel To Reuse The Consent Form To File A Separate Action On His Or Her Behalf ......................................................................................10

        D.    Solicitation Of Retaliation Plaintiffs.........................................................10

        E.    Inaccurate And Incomplete Descriptions Of The Consequences Of Consenting ..............................................................................................11

        F.    Inclusion Of Claims Barred By The Statute Of Limitations......................13

        G.    The Consent Form Should Require A Potential Plaintiff To Provide Information Indicating That He Or She Fits The Definition Of The Collective Action ......................................................................................14

    IV.   The Government Should Not Be Required To Disclose Telephone Numbers ..... 14

        CONCLUSION..............................................................................................15

<u>**TABLE OF AUTHORITIES**</u>

<u>**Cases**</u>

*Alozie v. United States*,
    106 Fed. Cl. 765 (2012) .......................................................................................... 13

*Arevalo v. D.J.'s Underground, Inc.*,
    Civil Action No. DKC 09-3199, 2010 WL 4026112 (D. Md. Oct. 13, 2010) ......................... 15

*Bechhoefer v. Dep't of Justice, Drug Enforcement Admin.*,
    209 F.3d 57 (2d Cir. 2000) .................................................................................. 14-15

*Briggs v. United States*,
    54 Fed. Cl. 205 (2002) ........................................................................................... 5

*D'Anna v. M/A-COM, Inc.*,
    903 F. Supp. 889 (D. Md. 1995) ............................................................................... 4

*Dep't of Def. v. Fed. Labor Relations Auth.*,
    510 U.S. 487 (1994) .............................................................................................. 14

*Dinkel v. Medstar Health, Inc.*,
    880 F. Supp. 2d 49 (D.D.C. 2012) ............................................................................ 4

*Doucoure v. Matlyn Food, Inc.*,
    554 F. Supp. 2d 369 (E.D.N.Y. 2008) ..................................................................... 13

*Gayle v. United States*,
    85 Fed. Cl. 72 (2008) ..................................................................................... 3, 4, 5

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
    282 F. Supp. 2d 101 (S.D.N.Y. 2003) ..................................................................... 12

*Green v. Harbor Freight Tools USA, Inc.*,
    888 F. Supp. 2d 1088 (D. Kan. 2012) ....................................................................... 7

*Hoffman-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) ............................................................................................... 8

*In re Family Dollar FLSA Litig.*,
  Nos. 3:08M1932-GCM, 3:12-cv-1951, 2014 WL 1091356 (W.D.N.C. Mar. 18, 2014) ........... 6

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*,
  571 F.3d 953 (9th Cir. 2009) ................................................................................... 7

*Jenkins v. TJX Cos.*,
  853 F. Supp. 2d 317 (E.D.N.Y. 2012) ...................................................................... 6

*Labrie v. UPS Supply Chain Solutions, Inc.*,
  No. C08-3182 PJH, 2009 WL 723599 (N.D. Cal. Mar. 18, 2009) ................................ 9, 12, 14

*Margulies v. Tri-Cnty. Metro. Transp. Dist. of Or.*,
  No. 3:13-cv-00475-PK, 2013 WL 5593040 (D. Or. Oct. 10, 2013) ........................ 15

*Neff v. U.S. Xpress, Inc.*,
  No. 2:10-cv-00948, 2013 WL 1131070 (S.D. Ohio Mar. 18, 2013).......................... 7

*Nehmelman v. Penn Nat'l Gaming, Inc.*,
  822 F. Supp. 2d 745 (N.D. Ill. 2011) ....................................................................... 4

*Palma v. Metropcs Wireless, Inc.*,
  No. 8:13-cv-698-T-33MAP, 2014 WL 235478 (M.D. Fla. Jan. 22, 2014)............................. 11

*Purdham v. Fairfax Cnty. Pub. Sch.*,
  629 F. Supp. 2d 544 (E.D. Va. 2009) ....................................................................... 4

*Redman v. U.S. W. Bus. Res., Inc.*,
  153 F.3d 691 (8th Cir. 1998) .................................................................................. 13

*Rojas v. Garda CL Se., Inc.*,
  No. 13-23173-CIV, 2013 WL 6834657 (S.D. Fla. Dec. 23, 2013).............................. 10, 12, 14

*Sheffield v. Orius Corp.*,
  211 F.R.D. 411 (D. Or. 2002) ................................................................................. 5

*Stanfield v. First NLC Fin. Servs., LLC*,
  No. C 06-3892 SBA, 2006 WL 3531729 (N.D. Cal. Dec. 5, 2006)................................... 11, 12

*Symczyk v. Genesis HealthCare Corp.*,
656 F.3d 189 (3d Cir. 2011), ................................................................. 4

*Vasquez v. Vitamin Shoppe Indus., Inc.*,
No. 10 Civ. 8820(LTS)(THK), 2011 WL 2693712 (S.D.N.Y. July 11, 2011) ......................... 7

*Wajcman v. Hartman & Tyner, Inc.*,
No. 07-61472-CIV, 2008 WL 203579 (S.D. Fla. Jan. 23, 2008) ............................... 9

*Whalen v. United States*,
85 Fed. Cl. 380 (2009) ..................................................... 8, 9, 11, 12

## **Statutes**

5 U.S.C. § 552a ............................................................................. 14

29 U.S.C. § 216(b) ...................................................................... 3, 7

29 U.S.C. § 255(a) ........................................................................ 13

29 U.S.C. § 256(b) ........................................................................ 13

## **Rules**

RCFC 54(d) ................................................................................. 13

RCFC 68(d) ................................................................................. 13

Fed. R. Civ. P. 23 ........................................................................... 7

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-161C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION
<u>AND AUTHORIZATION TO MAIL NOTICE TO POTENTIAL CLASS MEMBERS</u>

Defendant, the United States, respectfully submits this response to "Plaintiff's Unopposed Motion For Conditional Class Certification And Authorization To Mail Notice To Potential Class Members And Incorporated Memorandum Of Law" (P. Br.), filed by plaintiff, Roy Smith, on August 9, 2013.[1]  We oppose conditional certification of a collective action to join "all 'Assistant Chief (Trainee/Intern)' or 'Assistant Canteen Chief (Intern)' employees who worked for Defendant at a Veterans Canteen Service restaurant *nationwide* between March 1, 2010, and today."  P. Br. at 4 (emphasis added).

We also oppose the form of notice and consent proposed by Mr. Smith, and Mr. Smith's request for the telephone numbers of current or former Veterans Canteen Service (VCS) employees.

We do not oppose the conditional certification of a collective action to join additional consenting plaintiffs who, at any point within three years prior to the date of notice, worked as an

---

[1] As we explained in our August 9, 2013 notice, Docket No. 13, Mr. Smith did not obtain consent from the Government to style his motion as "unopposed."  In this brief, we respond to only Mr. Smith's legal arguments regarding the appropriateness of conditionally certifying a collective action and authorizing notice.  We do not respond to Mr. Smith's assertions that our original position regarding the appropriate scope of a collective action, as expressed in the joint preliminary status report, can never be changed.

"Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" for the VCS canteen located in Temple, Texas — which is supervised by Ms. Deidra Cargill, the canteen chief.  We also reserve the right to request to decertify any joined plaintiffs from the collective action if we identify a basis to do so.

## STATEMENT OF THE ISSUES

1.      Whether Roy Smith has shown that all employees who held the title of "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" (VCS intern), nationwide, are similarly situated to him.

2.      Whether the form of notice and consent proposed by Mr. Smith is proper.

3.      Whether the Government should be required to provide Mr. Smith the telephone numbers of current or former VCS employees.

## STATEMENT OF THE CASE

Roy Smith is a former VCS employee who worked as a VCS intern primarily at the canteen located in Temple, Texas, until his employment was terminated.  While Mr. Smith worked at the canteen in Temple, Texas, Mr. Smith was supervised by Ms. Deidra Cargill, the canteen chief.  On March 4, 2013, Mr. Smith filed this action claiming that he worked more than 40 hours per week and is entitled to overtime compensation.  On August 9, 2013, Mr. Smith filed the present motion for conditional certification of a collective action including "all 'Assistant Chief (Trainee/Intern)' or 'Assistant Canteen Chief (Intern)' employees who worked for Defendant at a Veterans Canteen Service restaurant *nationwide* between March 1, 2010, and today."  P. Br. at 4 (emphasis added).

## SUMMARY OF THE ARGUMENT

Mr. Smith has not provided any evidence to support his assertion that he is "similarly

situated" to every VCS intern across the nation.  Accordingly, the Court should deny Mr. Smith's motion to conditionally certify a nationwide collective action.

The forms of notice and consent requested by Mr. Smith are improper or inadequate for the following reasons: they (1) imply that Mr. Smith's claims are endorsed by the Court; (2) fail to specify what language will be printed on the envelopes used to send the notices; (3) require a potential plaintiff to agree to allow plaintiff's counsel to reuse the consent form to file a separate action; (4) solicit business from employees that believe that they have been the victims of retaliation by VCS; (5) inaccurately and incompletely describe the consequences of consenting; (6) do not require potential plaintiffs to provide information indicating that they fit the definition of the collective action; and (7) seek to include claims barred by the statute of limitations.

Finally, if the Court were to grant conditional certification and authorize notice, the Government should not be required to provide Mr. Smith with the telephone numbers of current or former VCS employees.

ARGUMENT

I.    <u>Legal Standards</u>

A former employee may bring suit against his former employer pursuant to the Fair Labor Standards Act (FLSA) "for and in behalf of himself . . . and other employees similarly situated."  29 U.S.C. § 216(b).  The FLSA does not specify a procedure for joinder of "similarly situated" plaintiffs.  *See Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008).  Most courts use a two-step approach.  *Id*.  The first step requires the named plaintiff to make a modest factual showing sufficient to demonstrate that he and potential plaintiffs together were victims of a common policy or plan that violated the law.  *Id*.  Plaintiff can satisfy that evidentiary burden by showing that the pleadings, affidavits, and other available evidence support the conclusion that

potential class members are similarly situated.  *Id.*  If plaintiff can satisfy the first step, the Court

will conditionally certify a collective action and authorize notice to potential plaintiffs.  *Id.*  The

second step occurs after the close of discovery.  The defendant may move to decertify the

collective action based on evidence developed during discovery.  *Id.*  The second step requires

the Court to determine whether there is sufficient similarity between the named and opt-in

plaintiffs to allow the matter to proceed to trial on a collective basis.  *Id.*

Plaintiff's burden to show the existence of a potential class of similarly-situated persons

is "not onerous, but it is also not invisible."  *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp.

2d 544, 548 (E.D. Va. 2009).  "Mere allegations will not suffice; some factual evidence is

necessary."  *Id.*; *see also Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir.

2011), *reversed on other grounds*, 133 S. Ct. 1523 (2013) ("a plaintiff must produce some

evidence, beyond pure speculation, of a factual nexus between the manner in which the

employer's alleged policy affected her and the manner in which it affected other employees.")

(quotations omitted); *Gayle*, 85 Fed. Cl. at 78 (the named plaintiff "must offer some credible

evidence"); *Dinkel v. Medstar Health, Inc.*, 880 F. Supp. 2d 49, 55 (D.D.C. 2012) ("The Court,

left only with Plaintiffs' unadorned speculation and unsupported assertions, can only conclude

that Plaintiffs have not met their burden or producing some evidence of a factual nexus . . . .");

*Nehmelman v. Penn Nat'l Gaming, Inc.*, 822 F. Supp. 2d 745, 750 (N.D. Ill. 2011) ("a modest

factual showing cannot be founded solely on allegations of the complaint; some factual support

must be provided, such as in the form of affidavits, declarations, deposition testimony, or other

documents."); *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995) ("the better

reasoned cases require the plaintiff to make a preliminary factual showing that a similarly

situated group of potential plaintiffs exists. . . . As a matter of sound case management, a court

should, before offering to assist plaintiff in locating additional plaintiffs, make a preliminary inquiry as to whether a manageable class exists. The courts, as well as practicing attorneys, have a responsibility to avoid the stirring up of litigation through unwarranted solicitation. Furthermore, an employer should not be unduly burdened by a frivolous fishing expedition . . . .") (internal quotations, bracketing and ellipses omitted).

II.     Mr. Smith Is Not Similarly Situated To Every VCS Intern Across The Nation

Mr. Smith contends that he is similarly situated to every VCS intern across the nation because VCS interns are allegedly "subject to the same pay plan." *See* P. Br. at 5 ("It is clear that Plaintiff and these employees were subject to the same pay plan, regardless of where they lived or which Veterans Canteen Service restaurant they worked.").

This unsupported allegation is inadequate to carry Mr. Smith's modest burden. "It is axiomatic that in moving for conditional certification on the basis of a company-wide policy, plaintiff must provide an evidentiary basis for the existence of such a policy." *Gayle*, 85 Fed. Cl. at 78. Courts routinely deny conditional certification of nationwide collective actions based on allegations involving only a single facility or a single supervisor. *See, e.g.*, *id.* at 79 ("Other courts that have granted conditional certification on the basis of a company-wide policy have relied upon evidence from individuals that had worked for defendant in several states to demonstrate that the defendant had the same compensation policy at each location.") (internal quotation marks and ellipsis omitted) (holding that the experience of three individuals at one Veterans Affairs medical center was insufficient to certify a nationwide collective action of nurses' assistants); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("If much of the unlawful conduct was committed by small, individual companies who were later acquired by defendant, then plaintiffs who worked for these separate entities are not related as victims of a

uniform, national policy."); *compare Briggs v. United States*, 54 Fed. Cl. 205, 207 (2002)

("Mr. Crain's allegation that he was aware of workers in as many as five states who had failed to

receive overtime pay is insufficient to support 'a national notice of action' because it offers no

specific support for the allegations of a violation (e.g., names, dates, places, types of unlawful

action, etc.). This evidence is insufficient.").

 Furthermore, even if Mr. Smith's unsupported allegation, that all VCS interns are

"subject to the same pay plan" were true, that would still not be a sufficient basis to authorize

notice to every VCS intern in the country. The touchstone for similarity is not the pay plan but

duties performed. VCS interns may perform different duties and responsibilities on an individual

basis, in different facilities, or in different regions under different supervisors, with the result that

some may be properly exempt from the overtime provisions of the FLSA, while others may not

be. Absent evidence that every VCS intern in the country performs similar duties and has similar

responsibilities, a conditional collective action so broad would be inappropriate. *See, e.g., In re*

*Family Dollar FLSA Litig.*, Nos. 3:08MD1932-GCM, 3:12-cv-1951, 2014 WL 1091356, at *2

(W.D.N.C. Mar. 18, 2014) ("Reliance on a common job description and a uniform classification

of Store Managers as exempt is insufficient for conditional certification. . . . employees' status

under the FLSA may vary, even if they have the same job title, if their job responsibilities and

duties differ among each other. . . . Employees with the same job title do not necessarily perform

the same work, and thus courts deny notice where an individual determination of each class

member's job duties is necessary to determine whether the employee was properly classified as

exempt.") (citations and quotations omitted); *Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 323

(E.D.N.Y. 2012) ("As numerous courts in this Circuit have held, the mere classification of a

group of employees — even a large or nationwide group — as exempt under the FLSA is not by

itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as similarly situated for § 216(b) purposes.") (quotation omitted); *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1099 (D. Kan. 2012) (granting motion to decertify) ("merely classifying a group of employees as exempt does not automatically qualify them as similarly situated, nor eliminate the need to make a factual determination as to whether class members are actually performing similar duties"); *Vasquez v. Vitamin Shoppe Indus., Inc.*, No. 10 Civ. 8820(LTS)(THK), 2011 WL 2693712, at *4 (S.D.N.Y. July 11, 2011) ("The flaw in this argument is that the only thread Plaintiff provides to link the handful of New York City SMs with their counterparts nationwide is their common exempt classification.  This is not sufficient . . . ."); *Neff v. U.S. Xpress, Inc.*, No. 2:10-cv-00948, 2013 WL 1131070, *4-6 (S.D. Ohio Mar. 18, 2013) (applying a "modest 'plus'" standard as an intermediate standard between the lenient first step and the second step because limited discovery had been conducted) (recommending conditional certification with respect to employees at the same job site, but not beyond that site) ("she has offered no evidence that account man[a]gers and account supervisors at other sites performed the same job duties as she did."); *see also In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009) ("the fact that an employer classifies all or most of a particular class of employees as exempt does not eliminate the need to make a factual determination as to whether class members are actually performing similar duties.") (quotation omitted) (reversing certification of a Fed. R. Civ. P. 23 class action).  Therefore, the Court should not conditionally certify a nationwide collective action, and should not authorize notice to every VCS intern in the country.

III.    The Forms Of Notice And Consent Proposed By Mr. Smith Are Improper

        If the Court were conditionally to certify a collective action and authorize notice, the

forms of notice and consent proposed by Mr. Smith are inadequate or inappropriate for several reasons, including the following: (1) they imply that Mr. Smith's claims are endorsed by the Court; (2) they fail to specify what language will be printed on the envelopes used to send the notices; (3) they require a potential plaintiff to agree to allow plaintiff's counsel to reuse the consent form to file a separate action; (4) they solicit business from employees that believe that they have been the victims of retaliation by VCS; (5) they inaccurately and incompletely describe the consequences of consenting; (6) they do not require potential plaintiffs to provide information indicating that they fit the definition of the collective action; and (7) they seek to include claims barred by the statute of limitations.

Attached in the appendix are proposed notice and consent forms that remedy these problems, and which are modeled after forms that the Court has approved. A1-5.[2]

A.    Implied Court Endorsement

In overseeing the notification process, "courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Notices should "avoid any bold heading that includes the [C]ourt's name," or otherwise imply that the Court has "lent its imprimatur to the merits of this case." *Whalen v. United States*, 85 Fed. Cl. 380, 389 (2009) (quotation omitted). The notice should specifically direct potential plaintiffs "not to contact the Court with questions about the litigation." *Id.*

Mr. Smith's proposed notice begins with the name of the Court and the presiding Judge as part of a case caption, and then states, "*This is a Court Notice*," implying that the notice was sent by the Court. P. Br., attachment 1 (P. notice) at 1. In the first bullet, the notice states, "The

---

[2] "A_" refers to the appendix attached to this brief.

Judge handling this case authorized Mr. Smith to send you this Notice," implying that the presiding Judge endorses the action. *Id.*; *compare Labrie v. UPS Supply Chain Solutions, Inc.*, No. C08–3182 PJH, 2009 WL 723599, at *8 (N.D. Cal. Mar. 18, 2009) ("Plaintiffs' notice includes the name of the undersigned, which SCS argues could be perceived as a judicial endorsement of this action. The court agrees. . . . The undersigned's name should be omitted from the notice."). Similarly, the consent form includes the name of the Court and the presiding Judge, and the case caption. P. Br., attachment 2 (P. form).

The notice should also employ a neutral tone. *See, e.g.*, *Wajcman v. Hartman & Tyner, Inc.*, No. 07-61472-CIV, 2008 WL 203579, at *2 (S.D. Fla. Jan. 23, 2008) (holding that defendant's proposed notice was "more neutral in its tone and therefore more appropriate"). Mr. Smith's proposed notice does not use neutral language. The third sentence of the second paragraph states that "Defendant paid Trainee/Interns and Interns a salary, and did not pay them overtime *as required* by federal law." P. notice at 1 (emphasis added). This sentence implies that VCS has violated Federal law. Other language in the notice tends to downplay the possibility of an unfavorable judgment, and emphasize the possibility of a favorable one. The notice states that a person who "does nothing" will "not be able to share in" money "if money is awarded in the case," and that a person who opts in "gains the possibility of receiving money from a trial or settlement." *Id.* at 1-2. On the other hand, the notice does not state anywhere that a plaintiff who opts in will also be bound by an *unfavorable* judgment. It simply states, after the talk of sharing in and receiving money, that a person who joins "will be bound by the judgment." *Id.* These statements, combined with the parts referring to the Court, imply that the Court has "lent its imprimatur to the merits of this case." *Whalen*, 85 Fed. Cl. at 389.

Additionally, the notice does not specifically direct potential plaintiffs that they should

not contact the Court with questions about the litigation.  *Compare id.*

B.      Envelope Language

Mr. Smith has not proposed language to be printed on the envelope used to send the notice and consent forms.  The Court must ensure that any language on the envelope does not suggest judicial endorsement.  *See, e.g.*, *Rojas v. Garda CL Se., Inc.*, No. 13-23173-CIV, 2013 WL 6834657, at *12 (S.D. Fla. Dec. 23, 2013).  It would be appropriate for the envelope to state, "Notice of Pendency of Collective Action."  *Id.*

C.      Requirement That A Potential Plaintiff Agree To Allow Plaintiff's Counsel To Reuse The Consent Form To File A Separate Action On His Or Her Behalf

Mr. Smith's proposed consent form requires anyone who chooses to opt in to agree to allow plaintiff's counsel to file a separate action on his or her behalf in the event that this action does not proceed as a collective action.  *See* P. form.  The notion that Mr. Smith's counsel may reuse consent forms in separate actions that are likely to involve different claims or different class definitions is "untenable."  *Rojas*, 2013 WL 6834657, at *11.

D.      Solicitation Of Retaliation Plaintiffs

Mr. Smith's proposed notice solicits new business for plaintiff's counsel from employees that believe that they have been the victims of retaliation by VCS.  The last paragraph of the notice states, in bold:

> **The law prohibits anyone from discriminating or retaliating against you for taking part in this case.  If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact Morgan & Morgan, P.A. at the number provided above or any other attorney of your choice.**

P. notice at 2.  We do not object to informing employees of their right to be free from retaliation,

but we do object to the alarmist formatting and placement of this language, which emphasizes the possibility of retaliation. Furthermore, the language encouraging employees to contact Mr. Smith's counsel is inappropriate solicitation. *See Palma v. Metropcs Wireless, Inc.*, No. 8:13–cv–698–T–33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014) (nearly identical language "crosses the line from informative to an inappropriate solicitation").

      E.        <u>Inaccurate And Incomplete Descriptions Of The Consequences Of Consenting</u>

The notice must inform potential plaintiffs that they may be both deposed by the Government and required to testify in this case. *Whalen*, 85 Fed. Cl. at 389. Mr. Smith's proposed notice merely states that potential plaintiffs "may be required to provide information as part of the case." P. notice at 2. This statement is inadequate.

The notice must also inform potential plaintiffs of any arrangement that Mr. Smith has with counsel regarding attorney fees and litigation costs. *Whalen*, 85 Fed. Cl. at 389. Mr. Smith's proposed notice does say, "You will not be required to pay attorney's fees directly, regardless of whether the case is won or lost. The Plaintiff's attorneys will receive a part of any money judgment entered in favor of the class." P. notice at 2. This information is helpful, but insufficient. The notice does not state what percentage of any money judgment will be paid to plaintiff's attorneys. This information should be provided up front because "the fee structure may impact on an opt-in plaintiff's recovery." *Whalen*, 85 Fed. Cl. at 389 (quotation and bracketing omitted); *see also Stanfield v. First NLC Fin. Servs., LLC*, No. C 06-3892 SBA, 2006 WL 3531729, at *3 (N.D. Cal. Dec. 5, 2006) (requiring notice to state that plaintiffs' attorneys "will seek to be compensated . . . up to a combined 40% of all recovery, which will proportionately reduce the award that each class member would receive"). At a minimum, the notice should inform potential plaintiffs that they have the right to request and to receive this

information from plaintiff's counsel.

Additionally, the notice must inform potential plaintiffs that they have the right to be represented by an attorney of their choice, and inform potential plaintiffs of how to participate in this litigation if they exercise that right. *Whalen*, 85 Fed. Cl. at 389. Mr. Smith's proposed notice does not provide this information. Rather, in the section on "legal representation if you join," the proposed notice states that anyone who opts in "will be represented by the Representative Plaintiff and his attorneys." P. notice at 2. And, Mr. Smith's proposed consent form requires potential plaintiffs to agree to be represented by "Morgan & Morgan P.A. and Bruckner Burch PLLC, counsel for the named Plaintiff." P. form. These statements are improper. Instead, the notice and consent form should provide instructions for how to opt in when a potential plaintiff prefers to be represented by an attorney of his or her choice. *See, e.g.*, *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 107 (S.D.N.Y. 2003).

Finally, the notice should inform potential plaintiffs that they could potentially be liable for defendant's costs in the event that they do not obtain a favorable judgment, in order to give potential plaintiffs a full statement of the risk of litigation. *See Rojas*, 2013 WL 6834657, at *11; *Labrie*, 2009 WL 723599, at *8 (holding that the notice should include a statement explaining that "potential plaintiffs may share in liability for payment of costs if SCS prevails in this action" in order to "provide potential plaintiffs a fair statement of their rights") (internal quotation omitted); *Gjurovich*, 282 F. Supp. 2d at 107 (requiring the notice to state, "[y]ou may also be held liable for costs associated with this lawsuit, and for potential counterclaims which could be asserted against you"); *Stanfield*, 2006 WL 3531729, at *1-2 (requiring the notice to state, "[s]hould the lawsuit not succeed, however, any person who joined the lawsuit may be collectively and/or proportionately liable to reimburse First NLC for its costs of suit, such as

filing fees or deposition transcripts"); *cf.* Rule 54(d) of the Rules of the United States Court of Federal Claims (RCFC) ("Costs — other than attorney's fees — should be allowed to the prevailing party to the extent permitted by law."); *Alozie v. United States*, 106 Fed. Cl. 765, 776 (2012) (awarding costs to defendant as the prevailing party in an FLSA collective action); RCFC 68(d) (requiring plaintiff to pay defendant's costs in the event that plaintiff obtains a judgment not more favorable than defendant's offer of judgment).

F.      Inclusion Of Claims Barred By The Statute Of Limitations

Mr. Smith's proposed notice seeks to include anyone who worked as a VCS intern "between March 1, 2010 to the present." P. notice at 1. The statute-of-limitations period for FLSA claims is at most three years. 29 U.S.C. § 255(a). For any potential plaintiffs who opt in, the action is "commenced" not on the date that Mr. Smith filed the complaint, but on the "subsequent date" on which the potential plaintiffs file written consent with the Court. 29 U.S.C. § 256(b); *see also Redman v. U.S. W. Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998) ("In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action."). To minimize the potential for opt-in by plaintiffs whose claims are entirely barred by the statute of limitations, the notice should be addressed to persons who were employed as VCS interns within three years of the date of the notice, recognizing that the period for recovery will not actually extend quite so far. *Cf. Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372-73, 373 n.4 (E.D.N.Y. 2008) (holding that the proper period for notice is three years prior to the date of notice). For the same reasons, the Government should not be required to provide plaintiff with names or contact information for any employee who was not employed as a VCS intern within three years prior to the date that the Court authorizes notice.

G. **The Consent Form Should Require A Potential Plaintiff To Provide Information Indicating That He Or She Fits The Definition Of The Collective Action**

"[T]o ensure that only those employees who truly meet the class definition join the action," consent forms should contain an area for potential plaintiffs to provide information indicating that they fit the definition of the conditionally-certified collective action. *Rojas*, 2013 WL 6834657, at *11; *see also Labrie*, 2009 WL 723599, at *9 ("First, the form should indicate that the potential plaintiff works or worked for SCS as a driver during the past three years . . . . Fourth, the form should include a blank space for potential plaintiffs to provide the dates they worked for SCS and their work location(s)."). Thus, the form should require a potential plaintiff to confirm that he or she worked as a VCS intern, to provide the dates that he or she held the position, and to provide the location where he or she worked. *See id*.

For these reasons, if the Court were conditionally to certify a collective action, the Court should require Mr. Smith to use the notice and consent form attached to this brief, A1-5, provided that the date and fee percentage are filled in on pages 1 and 2. These forms are modeled after forms that the Court has previously approved, with some additions to address the concerns discussed above. *Compare* A1-5 *with* A6-10.

IV. <u>The Government Should Not Be Required To Disclose Telephone Numbers</u>

If the Court were conditionally to certify a collective action, Mr. Smith requests the Court to order the Government to produce the names, last known addresses, and telephone numbers of the putative class members. P. Br. at 6. We would object to an order requiring the Government to produce this information absent a protective order that would allow the Government to ensure compliance with the Privacy Act, 5 U.S.C. § 552a. Home addresses are covered by the Privacy Act. *Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 494 (1994). Telephone numbers are as well. *See Bechhoefer v. Dep't of Justice, Drug Enforcement*

*Admin.*, 209 F.3d 57, 62-63 (2d Cir. 2000).

If the Court were to authorize notice and enter a Privacy-Act protective order, we would not oppose the production of the last known addresses of putative class members. We would, however, oppose the production of telephone numbers. Absent some special need, the disclosure of telephone numbers would allow too great a risk of improper solicitation and intrusion into the privacy of these individuals. *See, e.g.*, *Margulies v. Tri-Cnty. Metro. Transp. Dist. of Or.*, No. 3:13–cv–00475–PK, 2013 WL 5593040, at *22 (D. Or. Oct. 10, 2013) ("plaintiffs have failed to offer any reason why TriMet needs to produce employees' telephone numbers. Plaintiffs have not proposed notifying potential plaintiffs by telephone and I would not permit plaintiffs to do so. The consent-to-join form includes a space for an opt-in plaintiff to write his or her telephone number and, thus, plaintiffs' counsel will have the telephone number of any individual that wishes to join the lawsuit."); *Arevalo v. D.J.'s Underground, Inc.*, Civil Action No. DKC 09–3199, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010) ("courts have generally required a showing of special need for disclosure of class members' telephone numbers") (quotation omitted). Mr. Smith has not demonstrated any special need for telephone numbers, and the Court, therefore, should deny that request.

<u>CONCLUSION</u>

For these reasons, we respectfully request the Court to deny Mr. Smith's motion for conditional certification and authorization to mail notice. We also respectfully request the Court to deny Mr. Smith's request for the telephone numbers of putative class members. We do not oppose conditional certification of a collective action including anyone who worked as a VCS intern at the canteen located in Temple, Texas within three years of the date of notice, and authorization for Mr. Smith to mail the notice and consent forms attached to this brief, provided

that the date and fee percentage are filled in on pages 1 and 2, and provided that the envelopes

used to send the forms state "Notice of Pendency of Collective Action."

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


 /s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

 /s/ Joshua A. Mandlebaum

PAUL PETRABORG
Staff Attorney
Department of Veterans Affairs
St. Louis, Missouri

JOSHUA A. MANDLEBAUM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 305–3091
Fax:  (202) 514-8624


April 7, 2014

Attorneys for Defendant

APPENDIX

## INDEX TO APPENDIX

Defendant's proposed notice...........................................................................................................A1

Defendant's proposed consent form ...............................................................................................A5

Notice form authorized by the Court in *Whalen v. United States*,
85 Fed. Cl. 380, 389 (2009) ...........................................................................................................A6

Consent form authorized by the Court in *Whalen v. United States*,
85 Fed. Cl. 380, 391 (2009) .........................................................................................................A10

THIS NOTICE MAY AFFECT YOUR RIGHTS; PLEASE READ CAREFULLY

**TO: All current and former employees of the United States Department of Veterans Affairs, Veterans Canteen Service, who held the position of "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" while employed at the canteen located in Temple, Texas, at any time within three years of the date of this notice.**

The purpose of this notice is to inform you of the existence of a lawsuit in which you are potentially eligible to participate because you may be similarly situated to the plaintiff that originally brought the lawsuit. This notice is also intended to advise you how your rights under the Federal Fair Labor Standards Act ("FLSA") may be affected by this lawsuit, and to inform you of the procedure for participating in this suit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

On March 4, 2013, Roy Smith ("plaintiff"), a former employee of the Veterans Canteen Service who had held the position of Assistant Chief (Trainee/Intern) or Assistant Canteen Chief (Intern) (hereinafter "VCS intern"), brought a lawsuit in the United States Court of Federal Claims against the United States ("defendant") as Case No. 13-161C, claiming that defendant failed to pay him for all wages owed as required by the FLSA.

Plaintiff's counsel in this case is:

> C. Ryan Morgan
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., Ste. 1600, P.O. Box 4979
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> rmorgan@forthepeople.com

The provisions of the FLSA require an employer to compensate an employee for all hours spent in continuous workday activities. The overtime provisions of the FLSA require that, for all hours over forty hours per week that an employee works, the employer must pay the employee at the rate of one and one-half times his or her regular hourly rate, unless the employer is exempted by law from paying an employee for overtime at the rate of one and one-half times his or her regular hourly rate. The plaintiff in this lawsuit claims that during one or more weeks of his employment with the Veterans Canteen Service, he was required to work more than 40 hours, but was not paid for hours worked above 40 in any given week. Plaintiff is suing to recover unpaid wages for the time that he was employed by the Veterans Canteen Service. Plaintiff is also seeking to recover liquidated damages, declaratory relief, attorney fees, and costs associated with the litigation.

1

The United States denies any and all liability, including plaintiff's allegations that it failed to pay him for all hours spent in continuous workday activities pursuant to the FLSA.

## COMPOSITION OF THE COLLECTIVE ACTION

The named plaintiff seeks to sue on behalf of himself and also on behalf of other employees to whom he is similarly situated. Plaintiff alleges that he is similarly situated to current and former VCS interns who worked at the VCS canteen located in Temple, Texas, at any time within three years of the date of this notice.

This notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States Court of Federal Claims that you and the representative plaintiffs are actually similarly situated.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, that is, you are currently or were formerly employed as a VCS intern at the VCS canteen located in Temple, Texas within the last three years, and worked for a period of time for which you were not compensated, you may have a right to participate in this lawsuit.

## EFFECTS OF JOINING THIS LAWSUIT

If you choose to join in this lawsuit and are determined to have a claim sufficiently similar to that of the plaintiff, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the employees who have filed or opted in to this lawsuit. You may have your deposition taken by attorneys representing the United States, and you may be required to testify in court. You may also be held liable for the defendant's costs associated with this lawsuit.

By joining this lawsuit, you designate the representative plaintiff, Roy Smith, as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiff's counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative plaintiff will be binding on you if you join this lawsuit.

The representative plaintiff in this matter has entered into a contingency fee agreement with plaintiff's counsel, which means if there is no recovery, there will be no attorney's fees and plaintiff's costs chargeable to you. If there is a recovery, plaintiff's counsel will seek to be compensated for their efforts in litigating this case, up to a combined **[insert percentage]**% of all recovery, which will proportionately reduce the award that each class member would receive. You may request a copy of the contingency fee agreement executed by the named plaintiff in this matter from plaintiff's counsel at the address, telephone number or facsimile number that appears on page one of this notice.

2

## NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the collective action. You will not be entitled to share any amounts recovered by the parties to the collective action. You will be free to file your own lawsuit, subject to any defenses that might be asserted. Claims under the FLSA must be brought within two years of when the claim accrues. However, if your employer's violation of the FLSA was "willful," your claim has to be brought within three years of the date when it accrued. The pendency of this lawsuit will not prevent the statute of limitations as to any claims you might have from running against you.

## HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Opt-In Consent Form." If you choose to join this lawsuit, and thus to be bound by any outcome that may result from this lawsuit, you should read, sign and return the consent form. An addressed and postage paid envelope is enclosed for your convenience. The consent form should be sent to:

> C. Ryan Morgan
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., Ste. 1600, P.O. Box 4979
> Orlando, FL 32802-4979

The signed consent form must be returned to Mr. Morgan within 60 days from the date of this notice. If your signed consent form is not promptly returned, you will not participate in any recovery obtained against the defendant in this lawsuit. If you have questions about filling out or sending the consent, please contact plaintiff's counsel listed on page one of this notice.

You may also participate in this lawsuit by retaining the services of a lawyer of your own choosing. If you decide to participate in this suit through another attorney, your attorney must file the attached consent form with the court within 90 days from the date of this notice. The address of the court is: United States Court of Federal Claims, 717 Madison Place N.W., Washington, D.C. 20005.

## NO RETALIATION PERMITTED

Federal law prohibits the Veterans Canteen Service from discharging or in any manner discriminating or retaliating against you because of any decision you might make to take part in this case or to exercise your rights under the Fair Labor Standards Act.

## FURTHER INFORMATION

Further information about this notice or the lawsuit may be obtained from plaintiff's counsel at the address, telephone number or facsimile number identified on page one of this notice. Please refrain from contacting the court with questions or requests for information.

3

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES COURT OF FEDERAL CLAIMS.**

**THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF EITHER PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

**CONSENT TO JOIN COLLECTIVE ACTION IN CASE NO. 13-161C (FED. CL.)**
**Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)**

1. I, _____ (name) hereby consent, agree and opt-in to become a plaintiff in the above-referenced lawsuit, to pursue my claims arising out of uncompensated overtime while employed by the Veterans Canteen Service ("VCS"), and to be bound by any judgment by the court or any settlement of this action. I understand that this lawsuit is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219.

2. I worked as a VCS intern at the VCS canteen located in Temple, Texas,
   from on or about _____ (day (if known), month, year),
   to on or about _____ (day (if known), month, year, or "present").

3. I designate the following lawyer or law firm to represent me for all purposes in this action:

   _____
   (if you have not retained the services of a different lawyer of your own choosing at this time, write "C. Ryan Morgan, Morgan & Morgan P.A.").

4. If I am not a named plaintiff in this lawsuit, I also designate the collective action representative, Roy Smith, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

Signature: _____     Printed Name: _____

Date Signed: _____     Home Phone: _____

Address: _____     Work Phone: _____

_____     Cell Phone: _____

_____     Email: _____

If you indicated in response to question no. 3 that you wish to be represented by C. Ryan Morgan at this time, please return this form, within 60 days, to:

C. Ryan Morgan, Morgan & Morgan, P.A.
20 N. Orange Ave., Ste. 1600, P.O. Box 4979
Orlando, FL  32802-4979

If you have retained the services of a different lawyer, please return this form, within 90 days, to:

United States Court of Federal Claims, 717 Madison Place N.W., Washington, D.C. 20005.

A5

# *ATTACHMENT A*

## LEGAL NOTICE

### THIS NOTICE MAY AFFECT YOUR RIGHTS; PLEASE READ CAREFULLY

## TO: All current and former air traffic control specialists employed at High Desert TRACON, Edwards Air Force Base, California, at any time since October 1, 2004.

The purpose of this notice is to inform you of the existence of a collective-action lawsuit in which you are potentially eligible to participate because you may be similarly situated to the plaintiffs that originally brought the lawsuit. This notice is also intended to advise you how your rights under the Federal Fair Labor Standards Act ("FLSA") may be affected by this lawsuit, and to inform you of the procedure for participating in this suit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

On October 1, 2007, a group of Air Traffic Control Specialists at the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base ("plaintiffs") brought a lawsuit in the United States Court of Federal Claims against the United States ("defendant") as Case No. 07-707C, claiming that defendant failed to pay them for all wages owed as required by the FLSA.

Plaintiffs' counsel in this case are:

Alexander R. Wheeler
Jason P. Fowler
R. Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, California 93534
Telephone: (661) 949-2595
Fax: (661) 949-7524

A-1

The provisions of the FLSA require an employer to compensate an employee for all hours spent in continuous workday activities.  The overtime provisions of the FLSA require that, for all hours over forty hours per week that an employee works, the employer must pay the employee at the rate of one and one-half times his or her regular hourly rate, unless the employer is exempted by law from paying an employee for overtime at the rate of one and one-half times his or her regular hourly rate.  Plaintiffs in this lawsuit claim that during one or more weeks of their employment with the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California, they were not fully paid for their continuous workday activities.  Plaintiffs claim they were not paid for time in which they were required to perform activities before and after their scheduled shift.  Plaintiffs are suing to recover unpaid wages for the last three (3) years.  Plaintiffs are also seeking to recover liquidated damages, attorneys fees, and costs associated with the litigation.

The United States denies any and all liability, including plaintiffs' allegations that it failed to pay plaintiffs for all hours spent in continuous workday activities pursuant to the FLSA.

## COMPOSITION OF THE COLLECTIVE ACTION

The named plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated.  Plaintiffs allege they are similarly situated to current and former Air Traffic Control Specialists who worked at Edwards Air Force Base in Edwards, California at any time since October 1, 2004.

This notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose.  Your right to participate in this suit may depend upon a later decision by the United States Court of Federal Claims that you and the representative plaintiffs are actually similarly situated.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, that is, you are currently or were formerly employed by the Federal Aviation Administration at the High Desert TRACON, Edwards Air Force Base, California as an Air Traffic Control Specialist and worked for a period of time for which you were not compensated, you may have a right to participate in this lawsuit.

## EFFECTS OF JOINING THIS LAWSUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable.  You will also be bound by, and will share in, any settlement that may be reached on behalf of the employees who have filed or opted in to this lawsuit.

A-2

By joining this lawsuit, you designate the representative plaintiffs, David Whalen and Gregory Turner, as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into by the representative plaintiffs will be binding on you if you join this lawsuit.

The representative plaintiffs in this matter have entered into a contingency fee agreement with plaintiffs' counsel, which means if there is no recovery, there will be no attorney's fees or costs chargeable to you.  If there is a recovery, plaintiffs' counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the collective action. You may request a copy of the contingency fee agreement executed by the named plaintiffs in this matter from plaintiffs' counsel at the address, telephone number or facsimile number that appears on page one of this notice.

## NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the collective action.  You will not be entitled to share any amounts recovered by the parties to the collective action.  You will be free to file your own lawsuit, subject to any defenses that might be asserted.  Claims under the Fair Labor Standards Act must be brought within two years of when the claim accrues. However, if your employer's violation of the Fair Labor Standards Act was "willful" your claim has to be brought within three years of the date when it accrued.  The pendency of this lawsuit will not prevent the statute of limitations as to any claims you might have from running against you.

## HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Opt-In Consent Form."  If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, you may read, sign and return the consent form.  An addressed and postage paid envelope is enclosed for your convenience.  The consent form should be sent to

> Alexander R. Wheeler, Esq.
> R. REX PARRIS LAW FIRM
> 42220 10th Street West, Suite 109
> Lancaster, California 93534

The signed consent form must be returned to Mr. Wheeler on or before [insert date 90 days from when the government provides identifying information].  If your signed consent form is not promptly returned, you will not participate in any recovery obtained against defendant in this lawsuit.  If you have questions about filling out or sending the consent, please contact plaintiffs' counsel listed on page one of this notice.

A-3

You may also participate in this lawsuit by retaining the services of a lawyer of your own choosing.  If you decide to participate in this suit through another attorney, your attorney must file a "Consent to Join" form on or before [insert date 90 days from when the government provides identifying information].  The address of the court is: United States Court of Federal Claims, 717 Madison Place N.W., Washington, D.C. 20005.

## NO RETALIATION PERMITTED

Federal law prohibits the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California to discharge, or in any manner discriminate or retaliate against you because of any decision you might make to take part in this case or to exercise your rights under the Fair Labor Standards Act.

## FURTHER INFORMATION

Further information about this notice or the lawsuit may be obtained from plaintiffs' counsel at the address, telephone number or facsimile number identified on page one of this notice.  Please refrain from contacting the court with questions or requests for information.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY
THE UNITED STATES COURT OF FEDERAL CLAIMS.**

**THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF EITHER PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

A-4

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b)

1.  I _____ (name) consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California paid in connection with the above-referenced lawsuit.

2.  I have worked as an Air Traffic Control Specialist ("ATCS") from on or about _____ (month, year) to on or about _____ (month, year or if still working there, write "present time").

3.  I understand that this lawsuit is brought under the Fair Labor Standards Act, as amended, 29 U.S. C. §§ 201-219.  I hereby consent, agree and opt-in to become a plaintiff and be bound to any judgment by the Court or any settlement of this action.

4.  I designate the R. Rex Parris Law Firm, or such other representatives as they may designate, to represent me for all purposes in this action.

5.  If I am not a named plaintiff in this lawsuit, I also designate the collective action representatives as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with plaintiffs' counsel concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) _____   (Date signed) _____

Address:_____   Home Phone:_____

            _____   Work Phone:_____

            _____   Cell Phone: _____

Email:  _____

Return this form to:        Alexander R. Wheeler, Esq.
                            R. REX PARRIS LAW FIRM
                            42220 10th Street West, Suite 109
                            Lancaster, California 93534

A-5