IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-161C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court issue a protective order suspending the Government's obligation to respond to the first set of discovery requests served by plaintiff, Roy Smith, until 30 days after the Court rules on Mr. Smith's pending motion for conditional class certification and authorization to mail notice, ECF No. 12 (motion for class certification), decides whether "good cause" exists for discovery about putative class members, sets a schedule for further proceedings, and enters a Privacy Act protective order.[1]

Mr. Smith's discovery requests are unauthorized by RCFC 26(b)(1). Rule 26(b)(1) allows discovery about putative class members only when ordered by the Court upon a showing of good cause. Mr. Smith's requests also conflict with the June 24, 2013 Scheduling Order. Furthermore, answering these requests would alter the standard of review for the pending motion for class certification and moot prior briefing. Also, the Government cannot provide records absent a Privacy Act protective order. Finally, the requests improperly seek contact information for "class members" before the Court has conditionally certified a class and authorized notice.

---

[1] We would not object to answering Document Requests Nos. 3-6, which relate solely to Mr. Smith, after the entry of a Privacy Act protective order. We anticipate requesting such an order soon.

<u>BACKGROUND</u>

In the Joint Preliminary Status Report (JPSR), the parties proposed a schedule for this case. First, Mr. Smith would file a motion for class certification. Second, after return of consent forms, the parties would identify representative plaintiffs. Third, the parties would conduct discovery regarding the representative plaintiffs only — not all plaintiffs. *See* A4-5.[2]

The Court did not adopt this schedule. Rather, the Court set a deadline for the motion to authorize notice, and instructed that "[t]he remainder of the proposed schedule is contingent upon approval of the motion to authorize notice, and will be addressed in conjunction with a ruling on that motion." Scheduling Order, dated June 24, 2013, at A6.

Mr. Smith filed his pending motion for class certification on August 9, 2013. Briefing was stayed pending a decision on the Government's motion to transfer. On March 24, 2014, the Court denied the motion to transfer and lifted the stay. On July 2, 2014, the Court held a hearing on Mr. Smith's motion for class certification. Shortly thereafter, Mr. Smith served discovery requests upon the United States.

Mr. Smith's discovery requests primarily seek information about a nationwide category of "Class Members." *See* A9, ¶¶ 3-5 (defining "Class Members" as all persons employed by the Veterans Canteen Service, within the past six years, with the same or similar job title as Mr. Smith); A11, ¶¶ 1-2, 7-9 (seeking documentation about "Class Members," including home addresses and telephone numbers); A12 (interrogatories seeking information about "Class Members," including home addresses, telephone numbers, and personal e-mail addresses); A13 (requests for admission about "Class Members").

The Court has not yet ruled on Mr. Smith's motion for class certification.

---

[2] "A__" refers to the appendix attached to this brief.

<u>ARGUMENT</u>

I.      <u>Standard Of Review</u>

There are two standards for the scope of the discovery in proceedings before this Court.

First, absent an order from the Court, parties may obtain discovery regarding "any nonprivileged

matter that is relevant to any *party's* claim or defense."  RCFC 26(b)(1) (emphasis added).

Second, a party may seek broader discovery — of "any matter relevant to the subject

matter involved in the action" — but only with an order from the Court, upon a finding of good

cause.  *Id.* ("*For good cause*, the [C]ourt may *order* discovery of any matter relevant to the

subject matter involved in the action."  *Id.* (emphasis added).

An order and good cause is required before a party may seek "subject matter" discovery

because the Court regulates broad discovery.  As the Court explained in *Estate of Rubinstein v.*

*United States*, 96 Fed. Cl. 640 (2011):

> FRCP 26(b)(1) was amended in 2000, at which time the advisory
> committee introduced a note of caution about the provision.  The
> amendments were intended for the parties and the court to focus on
> the actual claims and defenses involved in the action, whereas
> previously parties were entitled to discovery of any information
> that was not privileged so long as it was relevant to the subject
> matter involved in the pending action.  Accordingly, the 2000
> amendments narrowed the scope of party-controlled discovery to
> matters relevant to any party's claim or defense.  While courts
> would retain authority to order discovery of any matter relevant to
> the subject matter involved in the action for good cause, the
> amended rule was designed to involve the court more actively in
> regulating the breadth of sweeping or contentious discovery. . . .
> Thus, where a party objects that requested discovery goes beyond
> material relevant to the parties' claims or defenses, the court would
> become involved to determine whether the discovery is relevant to
> the claims or defenses and, if not, whether good cause exists for
> authorizing it so long as it is relevant to the subject matter of the
> action.

*Rubinstein*, 96 Fed. Cl. at 646, 646 n.4 (internal quotations, citations, and bracketing omitted).

RCFC 26(b) mirrors Rule 26(b) of the Federal Rules of Civil Procedure (FRCP), and

interpretation of the RCFC is guided by the Advisory Committee Notes to the FRCP. *Id*. at 645,

645 n.3.

The Court may issue an order to protect a party from "undue burden or expense"

resulting from a discovery request, for good cause. RCFC 26(c). Motions for protective orders

are committed to the broad discretion of the trial court. *Heat & Control, Inc. v. Hester Indus.,*

*Inc.*, 785 F.2d 1017, 1022 (Fed. Cir. 1986).

II.    The Government Conferred In An Effort To Resolve The Dispute

We certify that the Government conferred with Mr. Smith in an effort to resolve this

discovery dispute without court action. The undersigned attorney received Mr. Smith's requests

by mail on July 18, 2014. On July 24, 2014, we sent a letter explaining that the requests were

inappropriate, unauthorized, and at a minimum, premature. A15. Mr. Smith requested a

telephone call. On July 25, 2014, the parties conferred for nearly one hour. After that

conference, we understand Mr. Smith's position to be as follows: the Government must answer

all the requests by August 11, 2014, or else the Government will waive all objections and admit

all requests for admission. We disagree. So, this motion is necessary to resolve the dispute.

III.   Pursuant To Rule 26(b)(1) And The June 24, 2013 Scheduling Order, Mr. Smith May Not
       Seek Discovery About Putative Class Members Without Permission From The Court

In the JPSR, the parties proposed a schedule for briefing on Mr. Smith's anticipated

motion for class certification and for subsequent notice and discovery. A4-5. The June 24, 2014

Scheduling Order expressly declined to adopt the schedule for notice and discovery proposed by

the JPSR. A6. The Order states that "[t]he remainder of the proposed schedule is contingent

upon approval of the motion to authorize notice, and will be addressed in conjunction with a

ruling on that motion." *Id*. By making the schedule "contingent" upon approval of the motion,

the Order deferred discovery about putative class members until after the Court rules on the motion.

The Order is consistent with Rule 26(b)(1), which only allows for unsupervised discovery "regarding any nonprivileged matter that is relevant to any *party's* claim or defense." RCFC 26(b)(1) (emphasis added). Parties may obtain discovery of broader scope — "any matter relevant to the subject matter involved in the action" — but only when authorized by the Court, upon a showing of "good cause." *Id.*

Putative members of a Fair Labor Standards Act (FLSA) collective action are not "parties" until they opt in. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff . . . unless he gives his consent in writing to become such a party and such consent is filed in the court . . . ."); *cf. United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (it is an advisory opinion to toll statute of limitations for persons who have not yet opted in). Thus, RCFC 26(b)(1)'s provision for discovery related to a "party's claim" does not apply to putative FLSA class members. Rather, such discovery might be "relevant to the subject matter involved in the action." RCFC 26(b)(1). Therefore, Mr. Smith may not obtain discovery related to putative class members until the Court issues an order authorizing that discovery, *after* Mr. Smith demonstrates good cause.

The requirement for a court order and good cause before obtaining "subject matter" discovery was adopted in 2002.[3] The date of this change is significant because it occurred after the Supreme Court decided, in 1989, that courts could facilitate notice to potential plaintiffs under 29 U.S.C. § 216(b). *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-72

---

[3] The language was adopted to parallel the 2000 revision to the FRCP. See RCFC 26, Rules Committee Notes, 2002 Revision. The 2000 revision to FRCP 26(b) was "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." FRCP Committee Notes on Rules – 2000 Amendment; *see also Rubinstein*, 96 Fed. Cl. at 646.

(1989) (*Sperling*).  As the United States District Court explained in *Knutson v. Blue Cross &*

*Blue Shield of Minnesota*, 254 F.R.D. 553 (D. Minn. 2008),

> [T]he Court believes that the discovery Knutson seeks does not fall
> within the ambit of [FRCP] 26(b)(1). . . . . Such a conclusion does
> not run afoul of [*Sperling*], upon which Knutson relies.  It is true
> that *Sperling* affirmed an order compelling the production of
> contact information to the plaintiffs in a collective action, noting in
> passing that 'the discovery was relevant to the subject matter of the
> action.'  But *Sperling* was decided prior to the 2000 Amendments
> to the Federal Rules of Civil Procedure, which altered the scope of
> discovery from matters 'relevant to the subject matter involved in
> the pending action' to matters 'relevant to any party's claim or
> defense.'  While *Sperling* mandates the conclusion that the contact
> information Knutson seeks is relevant to the subject matter of this
> case, in the Court's view it is not relevant to the claims or defenses
> of the only parties currently before the Court, Knutson and Blue
> Cross.  At most, the information would be relevant to future claims
> that might (or might not) be brought by other Blue Cross customer-
> service representatives, but no such individuals are parties to this
> action at this juncture. . . . For this reason, the Court finds that
> most of the cases relied upon by Knutson add little to the mix, as
> they simply cite *Sperling* in requiring disclosure of contact
> information.

*Knutson*, 254 F.R.D. at 557, 558 n.6 (citations omitted); *see also Sperling*, 493 U.S. at 179-80

(Scalia, J., dissenting) (discovery for purpose of notifying absent class members "is simply not

authorized" by Rule 26); *Palmer v. Convergys Corp.*, No. 7:10-CV-145, 2011 WL 1326183, at

*3 (M.D. Ga. April 6, 2011) ("the information sought for the purpose of identifying potential

opt-in plaintiffs is not relevant to the Plaintiffs' claims that they were not paid overtime wages —

the only claims before the Court.") ("The best solution is . . . Plaintiffs can receive the contact

information for the employees who worked for the same supervisors . . . ."); *Levine v. Gunther*

*Motor Co. of Plantation, Inc.*, No. 10-61812-CIV, 2010 WL 5140590, *3 (S.D. Fla. Dec. 9,

2010) ("[T]he information now sought by Plaintiff is not relevant to Plaintiff Levine's claim that

he was not paid overtime wages — the only claim currently before the Court — and thus, the

requested discovery is premature.  Accordingly, until such time as a collective action may be conditionally certified, the Court will not require Defendants to respond . . . ."); *cf. Stephens v. Erosion Containment Mgmt., Inc.*, No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008) ("the interrogatory, which presumably requests information in preparation of notifying potential individuals to opt into the case, is premature.  The type of discovery is suitable after step one is completed and conditional certification is made."); *Crawford v. Dothan City Bd. of Ed.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) ("because no collective action has been conditionally certified, discovery before step one of the two-step process is premature."); *compare Boykin v. Comerica Mgmt. Co.*, No. 09-CV-10234-AA, 2009 WL 2222899, at *4 (E.D. Mich. July 22, 2009) (allowing limited discovery but not statewide discovery) ("Because Plaintiffs have not provided any evidence that other persons are possible plaintiffs in this action, the burden of compelling Defendants to provide statewide discovery of their employees is undue.").   Therefore, under *Sperling*, as modified by the 2002 amendment to RCFC 26(b), Mr. Smith may obtain discovery regarding putative FLSA class members only after demonstrating "good cause" and obtaining permission from the Court.

IV.     The Court Should Not Authorize Discovery Prior To The Court's Ruling On The Pending Motion For Conditional Class Certification Because Discovery Would Alter The Standard For The Court's Review Of That Motion And Moot Prior Briefing

The Court should not authorize discovery prior to the Court's ruling on Mr. Smith's pending motion because the extent of prior discovery affects the standard of review for that motion.  The more discovery, the more stringent the standard.  *See, e.g.*, *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008) ("[T]he court has less cause for leniency during the 'notice' phase of the analysis where a plaintiff has already conducted discovery on the certification issue."); *Harris v. Fee Transp. Servs., Inc.*, No. Civ.A.3:05CV0077-P, 2006 WL

1994586, at *3 (N.D. Tex. May 15, 2006) ("where the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent. Courts generally consider the evidence submitted and the two-step inquiry collapses into one.") (citations omitted); *Davis v. Charoen Pokphand* (*USA*)*, Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) ("plaintiffs . . . have had time to conduct discovery and indeed have filed supplemental evidence in support of their motion to facilitate class notification. The court therefore finds it appropriate to apply a more rigorous standard . . . ."). Furthermore, if Mr. Smith were to obtain discovery and then seek to use it to supplement his motion, fairness would require an opportunity for the Government to respond with evidence of its own. The prior briefing, and efforts by the Court to control the proceedings while it prepares a decision on the pending motion, would be wasted.

V.    The Government Must Comply With The Privacy Act

Pursuant to the Privacy Act, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b). One exception to this mandate is when the disclosure of a record is made "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

Thus, the Government cannot provide information about putative class members absent a protective order. We have not yet requested such an order due to prolonged efforts by the parties to agree on language for a proposed order. *See* A16-17. We will likely request a Privacy Act protective order soon.

## VI. It Is Inappropriate To Seek Contact Information Of Putative Class Members Before The Court Authorizes Notice

Even if a Privacy Act protective order is entered, the Government should not be forced to supply home addresses of putative class members, let alone telephone numbers and e-mail addresses, before the Court authorizes notice. As the Supreme Court has explained, trial courts have a "managerial responsibility to oversee joinder of additional parties to assure that the task is accomplished in an efficient and proper way," and to counter "the potential for misuse of the class device, as by misleading communications." *Sperling*, 493 U.S. at 170-71. "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner." *Id*. at 172. Thus, contact information of putative class members should not be provided before the Court authorizes notice. *See, e.g.*, *Severtson v. Philips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) ("[T]his court feels a responsibility to assure that there is some factual basis for plaintiffs' claims of class-wide discrimination before judicial approval of the sending of notice is granted."); *Barton v. The Pantry, Inc.*, No. 1:04CV00748, 2006 WL 2568462, at *2 (M.D.N.C. Aug. 31, 2006) ("Defendant's actual production or disclosure of names and addresses is not due . . . until the Court rules on Plaintiffs' anticipated motion for conditional certification of FLSA claims, and the required disclosure at that time will reflect the scope of any class certified."); *Knutson*, 254 F.R.D. at 557.

## CONCLUSION

For these reasons, we respectfully request the Court to issue a protective order suspending the Government's obligation to respond to the first set of discovery requests served by Mr. Smith until 30 days after the Court rules on Mr. Smith's pending motion for class certification, decides

whether "good cause" exists for discovery about putative class members, sets a schedule for further proceedings, and enters a Privacy Act protective order. We would not object to answering Document Requests Nos. 3-6 after the entry of a Privacy Act protective order.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

  /s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

  /s/ Joshua A. Mandlebaum
JOSHUA A. MANDLEBAUM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 305–3091
Fax:  (202) 514-8624

July 28, 2014                                    Attorneys for Defendant

APPENDIX

## INDEX TO APPENDIX

Joint Preliminary Status Report, June 24, 2013 ..............................................................................A1

Scheduling Order, June 24, 2013 ....................................................................................................A6

"Smith's First Set Of Discovery," dated July 11, 2014 .................................................................A7

Letter to counsel for Mr. Smith, dated July 24, 2014 .................................................................A15

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROY SMITH, )
)
        Plaintiff, )
)
    v. )    No. 13-161C
)     (Judge Wolski)
THE UNITED STATES, )
)
        Defendant. )

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC), plaintiff, Roy Smith, and defendant, the United States, respectfully submit the following joint preliminary status report:

    **a.**     **Jurisdiction**

Plaintiff states that this Court possesses jurisdiction to entertain this action pursuant to 5 U.S.C. § 8715; 28 U.S.C. §§ 1346(a)(2), 1361, 1491, 2501, 2516, 2517; 29 U.S.C. § 216(b); and 28 U.S.C. §§ 2201 *et seq.* Defendant is not aware at this time of any basis upon which to challenge the Court's jurisdiction.

    **b.**     **Consolidation**

The parties agree that this case should not be consolidated with any other case.

    **c.**     **Bifurcation**

The parties do not see a need for bifurcation at this time. If, as discovery proceeds, the parties find that bifurcation may be helpful to the efficient resolution of this matter, they will so advise the Court.

**d.      Deferral**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e.      Remand/Suspension**

The parties do not intend to seek a remand or suspension at this time.

**f.      Joinder**

Plaintiff anticipates that additional plaintiffs will consent to join this case.  Defendant does not oppose conditional certification of a collective action to join additional consenting plaintiffs who worked for a Veterans Canteen Service restaurant and retail store as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" at any point within the relevant statute-of-limitations period.  Defendant reserves the right to move to decertify any joined plaintiffs from the collective action if defendant identifies a basis to do so.  A proposed schedule to effect joinder is provided below along with the proposed discovery schedule.

**g.      Dispositive Motions**

One or both parties may submit a motion for summary judgment under RCFC 56 following the close of discovery.

**h.      Relevant Issues**

The parties state that relevant issues include:

1.   Whether plaintiff should be classified as an exempt or non-exempt employee under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.

2.   The number of hours that plaintiff spent in training.

3.   What portion of plaintiff's time spent in training constituted "hours of work" pursuant to 5 C.F.R. § 551.423.

4.  The number of hours that plaintiff spent performing productive work while in training.

5.  What portion of plaintiff's time spent in training was scheduled in advance of administrative workweeks, for a specified number of hours.

6.  Whether plaintiff is entitled to back pay.

7.  Whether plaintiff is entitled to liquidated damages.

**i.**   **Settlement**

The parties cannot at this time predict the likelihood of settlement.  As the case proceeds, the parties may enter into settlement discussions.

**j.**   **Trial**

In the absence of a settlement or disposition of the case through pretrial motions, the parties anticipate proceeding to trial.  Neither party requests expedited trial scheduling.

Consistent with the discovery plan outlined below, the parties request that the Court order that discovery, dispositive motions, and, if necessary, trial proceed first as to a small group of representative plaintiffs.

**k.**   **Electronic Case Management**

There are no special issues regarding electronic case management needs.

**l.**   **Additional Information**

There is no additional information of which the Court should be aware at this time.

**m.**   **Proposed Discovery Plan**

The parties propose the following schedule:

1.  Initial disclosures related to plaintiff will be exchanged on or before June 27, 2013.

2.      On or before August 9, 2013, plaintiff will file a motion to authorize notice.  The motion will include, as an attachment, a form to be sent to potential additional plaintiffs.  Before plaintiff files the motion, the parties will confer in an effort to agree upon the content of the form.  The form will ask potential plaintiffs for written consent to become a party plaintiff, as well as other information that will assist the parties in resolving this dispute.  Plaintiff's motion will also request the Court to order that, within 45 days from the date that the Court authorizes notice, defendant must provide plaintiff with known names and addresses of all persons who worked for a Veterans Canteen Service restaurant and retail store as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" at any point within the three-year period preceding the date that the Court authorizes notice.

The remainder of this proposed schedule assumes that the Court will grant plaintiff's motion.

3.      Plaintiff shall mail the approved notice forms within 10 days after receiving from defendant the names and addresses described above.

4.      Plaintiff must provide defendant with a copy of any returned form within 10 days of receiving it.

5.      No later than 90 days after receiving names and addresses from defendant, plaintiff shall file any returned consent forms for all additional plaintiffs who wish to join this action.  After that date, no additional plaintiffs will be permitted to join this action.

6.      The parties will then confer and attempt to agree upon a group of plaintiffs to serve as representatives for purposes of discovery, dispositive motions, and, if necessary, trial.  No later than 45 days after the deadline for filing consent forms, the parties shall file either a joint motion to approve representative plaintiffs, or a joint status report.  If the parties file a joint

motion to approve representative plaintiffs, that motion will propose a discovery schedule

relating to the representative plaintiffs.  Fact discovery related to other plaintiffs shall be

deferred.


Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director


  /s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director


  /s/ C. Ryan Morgan                    /s/ Joshua A. Mandlebaum
C. RYAN MORGAN, ESQ.          JOSHUA A. MANDLEBAUM
FLBN:  0015527                        Trial Attorney
MORGAN & MORGAN, P.A.        Commercial Litigation Branch
20 N. Orange Ave., 14th Floor     Civil Division
P.O. Box 4979                         Department of Justice
Orlando, FL 32802-4979            P.O. Box 480
Tele:  (407) 420-1414               Ben Franklin Station
Fax:   (407) 245-3401               Washington, D.C. 20044
rmorgan@forthepeople.com        Tele: (202) 305–3091
                                           Fax:  (202) 514-8624

Attorney for Plaintiff               OF COUNSEL:

                                           PAUL PETRABORG
                                           Staff Attorney
                                           Department of Veterans Affairs
                                           St. Louis, Missouri

June 24, 2013                        Attorneys for Defendant

# In the United States Court of Federal Claims

No. 13-161C
(Filed June 24, 2013)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
                                    *
                                    *
ROY SMITH,                          *
                                    *
                Plaintiff,          *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## SCHEDULING ORDER

The Court has reviewed the Joint Preliminary Status Report ("JPSR") and the proposed schedule contained therein.  Accordingly, the Court sets the following schedule:

1. Any initial disclosures pertaining to plaintiff will be exchanged on or by **June 27, 2013**; and

2. plaintiff will file a motion to authorize notice (as described in the JPSR) on or by **August 9, 2013**.

The remainder of the proposed schedule is contingent upon approval of the motion to authorize notice, and will be addressed in conjunction with a ruling on that motion.  The Court finds that a preliminary scheduling conference is not necessary for this case.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge

ROY SMITH, on his own
behalf and for others similarly situated,

v.

UNITED STATES OF AMERICA,                    **CLASS/COLLECTIVE ACTION**

_____/

## SMITH'S FIRST SET OF DISCOVERY

Roy Smith serves this First Set of Discovery and requests responses within 30 days of service

of same.

Dated: July 11, 2014.                    Respectfully submitted,

**/s/ Richard J. (Rex) Burch**
Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com

**/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 14th FloorOrlando, FL 32802
Telephone: 407-420-1414
Facsimile: 407-245-3401
E-mail: RMorgan@forthepeople.com

*Trial Counsel for Plaintiff*

1

A7

## CERTIFICATE OF SERVICE

I served this document on Joshua Mandlebaum, counsel for the government, using certified mail, on July 11, 2014.

/s/ **Rex Burch**
Richard J. (Rex) Burch

2

A8

## DEFINITIONS AND INSTRUCTIONS

1.      Except as otherwise defined or broadened in these discovery requests, Plaintiff
incorporates by reference the definitions set forth in Local Rule 26.5 of the Local Rules of the
United States District Court for the District of Massachusetts.

2.      Unless otherwise indicated, the terms "Defendant," "Defendants," and
"Government" are used interchangeably and refer to the defendant in this action.

3.      The term "Class Members" refer to all salaried Assistant Chiefs (Trainees/Interns)
and Assistant Canteen Chiefs (Interns) employed by Defendant at a Veterans Canteen Service
restaurant and retail store during the Relevant Period. This definition includes, but is not limited to,
each plaintiff in this action.

4.      The term "FLSA" means the Fair Labor Standards Act.

5.      The term "Relevant Period" refers to the period from August 11, 2008 to present.

6.      Unless otherwise indicated, the terms "Plaintiff" and/or "Plaintiffs" refers to the
Roy Smith as well as to any current or former employee of Defendant who has filed a written
consent to join this action, individually and collectively.

7.      The term "payroll record" or "payroll records" means all documents kept for the
purpose of calculating and processing the payment of wages and any other compensation to
Defendant's employees.

8.      The term "personnel record(s)" or "personnel file" means all documents, official and
unofficial, kept by Defendant that refer to a particular employee, including but not limited to all of
the following: personnel records; medical records; discipline records; internal or confidential
documents referring to such employee; and other documents kept by Defendant that have been
used or may have affected a particular employee's qualifications for, eligibility for, subjection to,

3

receipt of, or receipt of an offer of employment, promotion, transfer, additional compensation, termination, or disciplinary action.

9. The term "statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

10. The terms "describe" and "description" mean to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone number of persons involved, if appropriate, along with dates, times, places, amounts and other particulars which make the answer to the Discovery Request fair and meaningful.

11. The following rules of construction apply to all discovery requests:

    a. The terms "all" and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    b. The use of the singular form of any word includes the plural and vice versa.

12. Plaintiff requests Defendant describe the nature of any documents, communications or tangible things withheld on the basis of privilege (or other claimed protection) as required by Federal Rule of Civil Procedure 26(b).

13. These Discovery Requests are continuing in nature and must be supplemented as required by Federal Rule of Civil Procedure 26(e) (e.g., when a new written consent is filed).

4

## DOCUMENT REQUESTS

1.     Computer-readable data identifying all Class Members by name, position(s), job title(s), location(s) of employment with Defendant, employee number (if applicable), last known home address and telephone number.

2.     To the extent any Class Members are not identified by the electronic data produced in response to the first document request, any and all documents providing that information in hard copy.

3.     Computer-readable data showing the hours worked by Plaintiff.

4.     All documents concerning Plaintiff that Defendant maintained in order to meet its record keeping obligations under the Fair Labor Standards Act.

5.     All documents reflecting the job duties performed by Plaintiff.

6.     All documents reflecting the hours worked by Plaintiff.

7.     All documents related to the "factual investigation" that Defendant to "no longer believe it would be correct to conditionally certify a collective action to join any additional consenting plaintiffs who meet the conditions" specified in the Joint Preliminary Status Report. *See* ECF Docs. 8 & 10.

8.     All documents reflecting the job duties performed by Class Members during the Relevant Period.

9.     All documenting reflecting any variation in the job duties performed by Class Members during the Relevant Period.

5

A11

## INTERROGATORIES

**Interrogatory No. 1:**

Identify the person(s) who participated in the decision to classify Plaintiff and the Class · Members as exempt from the FLSA's overtime requirements. Your answer should include, but not be limited to, the identity of each person who provided input in the decision to classify Plaintiff and/or any Class Member as exempt.

**Answer:**

**Interrogatory No. 2:**

Identify all persons who may have knowledge of relevant facts (including each person's name, job title, home address, home telephone number and, if available, personal email address). Your answer should include, but not be limited to, the identity of each Class Member.

**Answer:**

**Interrogatory No. 3:**

State the basis for Defendant's assertion that it "no longer believe[s] it would be correct to conditionally certify a collective action to join any additional consenting plaintiffs who meet the conditions" specified in the Joint Preliminary Status Report. *See* ECF Docs. 8 & 10.

**Answer:**

**Interrogatory No. 4:**

How did Defendant record the hours worked by Plaintiff and/or the Class Members during the Relevant Period?

**Answer:**

6

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Defendant paid all the Class Members on a salary basis during the Relevant Period.

**Answer:**

**Request for Admission No. 2:**

Defendant did not pay the Class Members overtime during the Relevant Period.

**Answer:**

**Request for Admission No. 3:**

Defendant permitted Class Members to work more than 40 hours in a workweek during the Relevant Period.

**Answer:**

**Request for Admission No. 4:**

Defendant did not prohibit Class Members from working more than 40 hours in a workweek during the Relevant Period.

**Answer:**

**Request for Admission No. 5:**

Defendant classified all Class Members as exempt from the FLSA's overtime requirements during the Relevant Period.

**Answer:**

7

LAW OFFICES OF

**BRUCKNER BURCH PLLC**

A REGISTERED PROFESSIONAL LIMITED LIABILITY COMPANY

8 GREENWAY PLAZA, SUITE 1500

HOUSTON, TEXAS 77046



CERTIFIED MAIL

7010 0780 0002 1357 0456

Joshua A. Mandlebaum
Commercial Litigation Branch, Civil
Department of Justice
Ben Franklin Station
P.O. Box 480
Washington DC 20044-0480

X-RAYED

JUL 17 2014

DOJ MAILROOM

120 54

$6.690
US POSTAGE
FIRST-CLASS
FROM 77046
JUL 11 2014

stamps.com

A14



REK: RTB: JAMandlebaum
DJ No. 154-13-161

Telephone: (202) 305-3091
Facsimile: (202) 514-8624

_Washington, DC 20530_

July 24, 2014

C. Ryan Morgan
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
rmorgan@forthepeople.com

BY E-MAIL

Re:   _Roy Smith v. United States_, No. 13-161C (Fed. Cl.)

Dear Mr. Morgan:

Mr. Smith's first set of discovery requests, dated July 11, 2014, were received by my office on July 18, 2014. Because, as explained below, they are inappropriate, unauthorized, and at a minimum premature, we do not intend to respond at this time.

I.   Mr. Smith's Requests For Information About "Class Members" Are Premature, And The Court Declined To Set A Schedule For Discovery Until After The Court Rules On The Motion To Authorize Notice

Mr. Smith's discovery request seeks information about "Class Members," including names, home addresses, and telephone numbers, before the Court has conditionally certified a class.

Names and addresses might be provided in the event that the Court conditionally certifies a collective action and authorizes notice. That is the traditional approach to these types of cases: notice is sent and discovery regarding putative class members commences _after_ the Court conditionally certifies a collective action. _See, e.g._, _Hipp v. Liberty Nat'l Life Ins. Co._, 252 F.3d 1208, 1219 (11th Cir. 2001). Seeking this information while a motion to conditionally certify a class is still pending is premature. _See, e.g._, _Levine v. Gunther Motor Co. of Plantation, Inc._, No. 10-61812-CIV, 2010 WL 5140590, *3 (S.D. Fla. Dec. 9, 2010); _Knutson v. Blue Cross & Blue Shield of Minn._, 254 F.R.D. 553, 557 (D. Minn. 2008); _Stephens v. Erosion Containment Mgmt., Inc._, No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095 (M.D. Fla. May 21, 2008); _Barton v. The Pantry, Inc._, No. 1:04CV00748, 2006 WL 2568462, at *2 (M.D.N.C. Aug. 31, 2006) ("disclosure of names and addresses is not due . . . until the Court rules on Plaintiffs' anticipated motion for conditional certification of FLSA claims"); _Crawford v. Dothan City Bd. of Ed._, 214 F.R.D. 694 (M.D. Ala. 2003); _compare Boykin v. Comerica Mgmt. Co._, No. 09-CV-

10234-AA, 2009 WL 2222899, at *4 (E.D. Mich. July 22, 2009) (allowing limited discovery but not statewide discovery).

Furthermore, to permit discovery regarding putative class members before the Court has ruled on Mr. Smith's pending motion would complicate the two-step process. If discovery has been conducted, courts apply a more stringent standard when considering whether putative class members are "similarly situated." *See, e.g., Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008) ("the court has less cause for leniency during the 'notice' phase of the analysis where a plaintiff has already conducted discovery on the certification issue . . . . Thus because the court does not intend that its powers be used for a frivolous fishing expedition, it will hesitate to facilitate notice where a plaintiff, having already conducted discovery, still cannot support her claim with evidence.") (internal quotations and citations omitted); *Harris v. Fee Transp. Servs., Inc.*, No. Civ.A.3:05CV0077-P, 2006 WL 1994586, at *3 (N.D. Tex. May 15, 2006) (collecting cases); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) ("plaintiffs . . . have had time to conduct discovery and indeed have filed supplemental evidence in support of their motion to facilitate class notification. The court therefore finds it appropriate to apply a more rigorous standard . . . .").

The question of how to proceed with this case in light of Mr. Smith's failure to provide evidence in support of his motion to authorize notice was discussed with the Court on July 2, 2014. Our understanding after that hearing is that the Court was considering the possibility of allowing Mr. Smith to seek discovery in support of the motion, but had not made a decision on that issue. The only action that the parties proposed taking, pending a decision by the Court on the motion, was formulating a mutually agreeable protective order. We recall Mr. Burch advising the Court that he would await direction from the Court before taking further action. Moreover, the Court expressly declined to set a discovery schedule until after the motion for class certification is resolved. *See* Scheduling Order, Docket No. 9, dated June 24, 2013 ("The remainder of the proposed schedule is contingent upon approval of the motion to authorize notice, and will be addressed in conjunction with a ruling on that motion."). By initiating discovery now, without authorization from the Court, Mr. Smith is disregarding the Scheduling Order as well as the conference with the Court on July 2, 2014.

## II.    The Government Must Comply With The Privacy Act

Pursuant to the Privacy Act, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b). One exception to this mandate is when the disclosure of a record is made "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

Thus, as the parties have already discussed, the Government cannot provide information about putative class members absent a protective order. To that end, the Government has made substantial efforts to obtain Mr. Smith's consent to language for a proposed protective order. We sent drafts on June 20, 2013, July 16, 2013, April 3, 2014, June 25, 2014, and July 17, 2014. We also provided, as examples, privacy act protective orders entered in other cases on April 9, 2014,

and July 7, 2014. Mr. Smith has not consented to any of our proposed orders and has not responded with any specific language that he would prefer.

III.     The Government Has No Obligation To Respond To Discovery Requests That Have Not Been Signed By Plaintiff's Counsel Of Record

As I previously discussed in my letter of August 22, 2013, discovery documents must be signed by counsel of record. *See* Rule 26(g)(1) of the Rules of the United States Court of Federal Claims (RCFC). The rule authorizing another admitted attorney to sign for counsel of record applies only to "a filing" — not to discovery documents. RCFC 83.1(c)(2). The Government has no obligation to respond to discovery requests that have not been signed by counsel of record. *See* RCFC 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed . . . .").

You remain counsel of record for Mr. Smith. Thus, we have no duty to act on discovery requests unless you sign them. Whether you signed Mr. Smith's recent set of discovery requests is unclear. Your "signature" block on the first page is in the format for electronic filings; it is not your actual signature. Above your electronic signature is an electronic signature by Mr. Burch. The placement of Mr. Burch's signature above your own suggests that Mr. Burch is responsible for the discovery requests, even though you are counsel of record. That Mr. Burch was more involved with these requests than yourself is further evidenced by his signature on the certificate of service, and his firm's return address on the envelope delivering the discovery requests. For all of these reasons, whether you were aware of and authorized these discovery requests before they were placed in the mail by Mr. Burch is unclear. Also unclear is whether you intended to be responsible for these requests pursuant to RCFC 26(g).

For these reasons, we do not intend to respond to Mr. Smith's first set of discovery requests at this time.

Very truly yours,

JOSHUA A. MANDLEBAUM
Trial Attorney
Commercial Litigation Branch
joshua.a.mandlebaum@usdoj.gov

Cc:     Richard J. "Rex" Burch, Esq. (via e-mail)