IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY SMITH, | ) | |
|       Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13-161C (Judge Wolski) |
| THE UNITED STATES, | ) ) | |
|       Defendant. | ) ) | |

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Rules 12(c) and 12(h)(2)(B) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests the Court to dismiss the allegations of plaintiff, Roy Smith, seeking a collective action or class action on behalf of "similarly situated" people, for failure to state a claim upon which relief can be granted. We also respectfully request the Court to dismiss the allegation that the Government acted "willfully" for failure to state a claim upon which relief can be granted.

We do not intend this motion to seek reconsideration of the Court's order, dated August 11, 2014, authorizing notice to certain employees who worked at the Veterans Canteen Service (VCS) facility located in Temple, Texas.

ARGUMENT

I.     Standard Of Review

Under Rule 12(h)(2)(B), the defense of "failure to state a claim upon which relief can be granted" may be raised by a motion pursuant to RCFC 12(c). RCFC 12(h)(2)(B); *see, e.g.*, *TigerSwan, Inc. v. United States*, 110 Fed. Cl. 336, 339 n.1 (2013).

The legal standard applied to evaluate a motion under RCFC 12(c) is the same as that for a motion to dismiss under RCFC 12(b)(6). *See Zhang v. United States*, 640 F.3d 1358, 1364

1

(Fed. Cir. 2011); *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009).

A motion to dismiss pursuant to RCFC 12(b)(6) will be granted if the facts asserted in the complaint do not entitle the plaintiff to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). The pleading standard set forth in RCFC 8 does not require "detailed factual allegations," but does demand more than "unadorned, the-defendant-unlawfully-harmed me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations only need to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In ruling upon a motion to dismiss, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

II. The Complaint Fails To Allege Sufficient Facts Under RCFC 8 To Support A Class Action Or A Collective Action

Mr. Smith brings this action on his own behalf, "and for others similarly situated." *See* Complaint, caption. Mr. Smith seeks relief under the Fair Labor Standards Act (FLSA) on behalf of "each and every similarly situated salaried General Manager in Training employed by the VA (and thus, the United States of America) at any time during the last three years." Complaint, ¶ 2.

With regard to persons other than Mr. Smith, the complaint does not plead sufficient facts under RCFC 8 to support a class action or a collective action. The complaint alleges that there are others "similarly situated" to Mr. Smith. The complaint appears to limit this group to "every similarly situated salaried General Manager in Training employed by the VA . . . at any time during the last three years." Complaint, ¶ 2. It is not clear if Mr. Smith contends that every

"salaried General Manager in Training employed by the VA" is similarly situated to him, or only a portion of that group. Either way, the complaint does not explain why all or some "general managers in training" are similarly situated to Mr. Smith. The complaint alleges that Mr. Smith was misclassified as exempt from the FLSA's overtime provisions, *see* Complaint, ¶ 7, but does not allege that any "similarly situated" persons were misclassified. The complaint does not explain in any detail why anyone, including Mr. Smith, was allegedly misclassified. *See generally* Complaint.

These allegations do not satisfy the pleading standards of RCFC 8. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) ("Dejesus's complaint tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation. Her FLSA [claim was] therefore inadequate and properly dismissed."); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (affirming judgment dismissing FLSA claim pursuant to Rule 12(b)(6), but vacating the dismissal as being *with* prejudice) ("The key statement — 'regularly worked hours over 40 in a week and were not compensated for such time' — is one of those borderline phrases. . . . some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual. Standing alone, the quoted language is little more than a paraphrase of the statute.") (internal citations and quotations omitted); *Nicholas v. CMRE Fin. Servs, Inc.*, No. 08-4857 (JLL), 2009 WL 1652275, at *4 (D.N.J. June 11, 2009) ("After *Twombly*, courts in this circuit have found that class allegations must also comply with Rule 8(a) in order to proceed to class discovery."); *Dyer v. Lara's Trucks, Inc.*, No. 1:12–CV–1785–TWT, 2013 WL 609307, at *2-5 (N.D. Ga. Feb. 19, 2013) (dismissing FLSA collective-

action allegations) ("The Plaintiff merely asserts that she seeks a collective action with a class of employees that is 'similarly situated in terms of job duties, pay, and compensation.' This is a legal conclusion.") (citation omitted); *Creech v. Holiday CVS, LLC*, No. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (dismissing FLSA collective-action allegations); *St. Croix v. Genentech, Inc.*, No. 8:12–cv–891–T–33EAJ; 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012) (dismissing FLSA collective-action allegations) ("St. Croix fails to set forth any facts supporting her allegations that other Genentech employees are or were similarly situated."); *Moore v. Corell Elec. Contractors, Inc.*, No. 7:12cv00262, 2012 WL 5364201, at *1 (W.D. Va. Oct. 30, 2012) (dismissing entire FLSA complaint); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW[WO], 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (dismissing FLSA collective-action allegations); *Hodczak v. Latrobe Specialty Steel Co.*, No. 08-649, 2009 WL 911311, at *8-10 (W.D. Pa. Mar. 31, 2009) (dismissing Age Discrimination in Employment Act collective-action allegations); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887 at *5 (D.N.J. July 23, 2008) (Dismissing Fair Debt Collection Practices Act class-action allegations); *Benoit v. Ocwen Financial Corp.*, 960 F. Supp. 287, 289 (S.D. Fla. 1997) (class-action complaint failed to comply with Rule 8) (requirement that a complaint "set forth enough information to outline the elements of a claim" is "particularly true in the context of a Rule 23 class action"); *cf. Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 801 (S.D.N.Y. 2012) (to certify a collective action, plaintiff must show that "he is similarly situated *to the employees he proposes to include in the collective action* with respect to his claim that he performed non-exempt duties.") (emphasis in original).

Therefore, the allegations regarding "similarly situated" people, seeking a collective action or class action, should be dismissed.

III.     The Complaint Fails To Allege Facts To Support A Class Action Under RCFC 23

In addition to failing to satisfy the pleading requirements of RCFC 8, the complaint also fails to allege any of the required elements for a class action under RCFC 23. Under Rule 23, the requirements for a class action fall into five categories, all of which must be satisfied: (1) numerosity of plaintiffs; (2) commonality of questions of law or fact; (3) typicality of the representative parties' claims; (4) adequacy of the representative parties to fairly represent the class; and (5) superiority of the class action as the fairest and most efficient means of resolving the case. *See* RCFC 23(a)-(b); *Turner v. United States*, 115 Fed. Cl. 614, 616 (2014).

"[C]ourts have recognized that even in the class action context, plaintiffs must still satisfy minimal pleading requirements dictated by Rule 23(b) and that conclusory allegations will not suffice." *Eager v. Credit Bureau Collection Servs., Inc.*, Nos. 1:13-CV-30, 84, 173, & 261, 2014 WL 3534949, at *8 (W.D. Mich. July 16, 2014); *see Nieman v. Nationwide Mut. Ins. Co.*, No. 09-3304, 2010 WL 744582, at *1 (C.D. Ill. 2010) (Feb. 26, 2010) ("The pleading requirements for a class action are dictated by [Rule] 8 . . . . Further, the plaintiff in a would-be class action bears the burden of *alleging* and proving that the proposed class satisfies the criteria laid out in Rule 23(a).") (emphasis added); *Stroud v. Seminole Tribe of Florida*, 574 F. Supp. 1043, 1045 n.1 (S.D. Fla. 1983) (dismissing class allegations for failure to satisfy Rule 23(a)); 7B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1798 (3d. ed.) ("for an action to go forward under Rule 23, the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b).").

Here, the complaint does not allege any of the required elements for a class action under RCFC 23. Therefore, the class allegations should be dismissed.

IV.   The Complaint Fails To Allege Facts To Support The "Willfulness" Claim

The complaint also alleges that the Government acted "willfully." *See* Complaint, ¶¶ 13-14. If a defendant violates the FLSA "willfully," the statute-of-limitations period is extended from two years to three years. *See* 29 U.S.C. § 255(a). Mr. Smith has the burden to prove willfulness. *Adams v. United States*, 350 F.3d 1216, 1229 (Fed. Cir. 2003).

The complaint does not allege any facts in support of the "willfulness" claim. It simply alleges that the Government acted willfully "[a]s a result of the conduct of its officers and agencies." *See* Complaint, ¶ 13. This allegation does not satisfy Rule 8. *See, e.g.*, *Jelks v. Newark Cmty. Health Ctrs.*, No. 13-886 (JLL), 2013 WL 6154438, at *3-4 (D.N.J. Nov. 22, 2013) (dismissing Equal Pay Act claim as time-barred because "willfulness" allegations were insufficient); *Rowlett v. Michigan Bell*, No. 1:11-cv-1269, 2013 WL 308881, at *1-2 (W.D. Mich. Jan. 25, 2013) (dismissing FLSA claim as time-barred because "willfulness" allegations were insufficient); *Morgovsky v. AdBrite, Inc.*, No. C 10-05143 SBA, 2012 WL 1595105, at *5-7 (N.D. Cal. May 4, 2012) (dismissing FLSA claim as time-barred because "willfulness" allegations were insufficient). Therefore, the Court should dismiss the "willfulness" claim.

CONCLUSION

For these reasons, we respectfully request the Court to dismiss the "willfulness" claim, and the allegations seeking a collective action or class action on behalf of "similarly situated" people, for failure to state a claim upon which relief can be granted.

    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General

    ROBERT E. KIRSCHMAN, JR.
    Director

    /s/ Steven J. Gillingham  
STEVEN J. GILLINGHAM  
Assistant Director


    /s/ Joshua A. Mandlebaum  
JOSHUA A. MANDLEBAUM  
Trial Attorney  
Commercial Litigation Branch  
Civil Division  
Department of Justice  
P.O. Box 480  
Ben Franklin Station  
Washington, D.C. 20044  
Tele: (202) 305–3091  
Fax: (202) 514-8624  

August 26, 2014                    Attorneys for Defendant