IN THE UNITED STATES COURT OF FEDERAL CLAIMS
CASE NO.: 1:13-cv-00161 C VJW

Judge Victor J. Wolski

ROY SMITH, on his own behalf and for
others similarly situated,

v.

UNITED STATES OF AMERICA,   **CLASS/COLLECTIVE ACTION**

    Defendant.
_____/


**RESPONSE TO DEFENDANT'S
MOTION FOR DISMISSAL FOR FAILURE TO STATE A CLAIM**

**1.    Background.**

    Nearly 18 months after this case was filed, Defendant filed a Motion for Partial Dismissal for Failure to State a Claim upon which Relief Can Be Granted. *See* Doc. 37. The deadline for filing a motion to dismiss under RCFC 12(b)(6) having long since passed, Defendant filed its motion under RCFC 12(c) and/or 12(h). *Id.* While Smith is not entitled to file his First Amended Complaint as a matter of right, RCFC 15(a)(1)(B), he has filed a motion requesting leave to amend pursuant to RCFC 15(a)(2) (which supplies the standard here). Under this standard, a "court should freely permit an amendment when there are insufficiently convincing reasons for denying it." *Delpin Aponte v. United States*, 83 Fed. Cl. 80, 89 (2008) (citing *Hess v. United States*, 210 Ct.Cl. 483, 491–92, 537 F.2d 457 (1976)). Granting Smith's motion would (and should) moot Defendant's motion to dismiss.

    Indeed, even if Defendant's motion to was granted (and, as set forth below, it shouldn't be), the better the course of action would be to permit Smith to amend given that this case is still in its early stages. *See* Doc. 43. In short, Smith's motion for leave to amend should be granted and, in any event, Defendant's motion should be denied.

2. **The Applicable Standards.**

"A Rule 12(c) motion faces the same test as a motion under Rule 12(b)(6)." *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927 (Fed. Cir. 2014) (internal quotes and citation omitted). So to survive such a motion under Rule 12(c), the complaint need only contain "a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1332 (Fed. Cir. 2012).

And "in the specific context of FLSA overtime claims[,] … detailed factual allegations" are not required. *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, *3 (S.D. Tex. Dec. 8, 2009) (Rosenthal, J). Unlike "the complex antitrust scheme at issue in Twombly[,] … the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation … to covered employees … in accordance with the Act." *Id.* In other words, "it does not take much to inform the defendant of the nature of the plaintiff's claim." *Martinez v. Regency Janitorial Servs. Inc.*, 11-C-259, 2011 WL 4374458, at *4 (E.D. Wis. Sept. 19, 2011).

3. **Where a Plaintiff Has Stated a Claim, a Challenge to a Class/Collective Action is Not Appropriately Resolved on a Motion to Dismiss for Failure to State A Claim.**

Rule 8(a)(2) requires only "a short and plain statement of the <u>claim</u> showing that the <u>pleader</u> is entitled to <u>relief</u>[.]" RCFC 8(a)(2) (emphasis added). But Defendant does not challenge Mr. Smith's individual claim (other than his willfulness allegation). Instead, despite "[a]ssuming … that the named plaintiff[] ha[s] stated legally sufficient claims, the substance of defendant's position is

that this nevertheless is not a proper case for allowing [Smith] to proceed on behalf of a class or to permit a collective action." *Hughes v. Getronics Wang LLC*, 07 CIV. 10356 (LAK), 2008 WL 2778885 (S.D.N.Y. July 8, 2008). But those "contentions properly are considered in the context of a class or collective action determination-they do not go to the legal sufficiency of the complaint." *Id.*

In fact, courts have repeatedly held "plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b) (6) motion [because w]hether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification[.]" *See Hoffman v. Cemex, Inc.*, No. H–09–3144, 2009 WL 4825224, at *4 (S.D. Tex. Dec.8, 2009); *see also, Murphy v. Multi-Shot, LLC*, 4:14-CV-1464, 2014 WL 4471538, at *2 (S.D. Tex. Sept. 10, 2014) (same); *Howard v. John Moore, LP*, CIV.A. H-13-1672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) (same); *Craven v. Excel Staffing Serv., Inc.*, CIV.A. H-12-2860, 2014 WL 345682, at *6-8 (S.D. Tex. Jan. 30, 2014) (same); *Long v. CPI Sec. Systems, Inc.*, No. 3:12–cv–396, 2012 WL 3777417, at *5 (W.D.N.C. Aug. 30, 2012) ("Defendant's argument that this Court should dismiss Plaintiff's 'collective action allegations,' ... is inappropriate at this stage in the litigation"); *Neman v. Greater Houston All-Pro Auto Interiors, LLC*, 4:11-CV-03082, 2012 WL 896438, at *5 (S.D. Tex. Mar. 14, 2012) (Atlas, J); *Tahir v. Avis Budget Grp., Inc.*, 2009 WL 4911941, at *8 (D.N.J. Dec.14, 2009) ("Defendants' attack on those portions of this Complaint that relate to the pleading of a collective action is misplaced at this stage of the litigation. Though framed as a Rule 12(b)(6) motion to dismiss, their argument in fact challenges the maintenance of this case as a collective action."); *Hodczak v. Latrobe Specialty Steel Co.*, CIV A 08-649, 2009 WL 911224 (W.D. Pa. Mar. 31, 2009) ("where the individual named plaintiffs have stated legally sufficient claims, any challenge to the propriety of allowing the case to proceed as a collective action is properly reserved until such time as the plaintiffs actually move to conditionally certify the class").

As the Court in *Griffin v. Home Depot* explained:

"*Twombly* and *Iqbal* address the standard of pleading set forth in Rule 8(a). The rule governing class actions, FED.R.CIV.P. 23, "does not set forth a mere pleading standard." *Wal–Mart Stores, Inc. v. Dukes*, 131 S .Ct. 2541, 2551 (2011). " 'In determining the propriety of a class action, **the question is not whether the plaintiff or plaintiffs have stated a cause of action** or will prevail on the merits, **but rather whether the requirements of Rule 23 are met**.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (quoting *Miller v. Mackey International*, 452 F.2d 424, 427 (5th Cir.1971)). The court does not believe plaintiffs must allege facts showing a plausible pattern and practice of discrimination in order to satisfy the Rule 12(b)(6) and Rule 8 requirements for stating a claim upon which relief may be granted." *Griffin v. Home Depot USA, Inc.*, 11-2366-RDR, 2012 WL 38647, at *3 (D. Kan. Jan. 9, 2012) (emphasis added, citations omitted).

Further, a "motion to dismiss is premature because plaintiffs have not moved for certification and have had no opportunity to develop a record" and, as such, a "challenge on the pleadings seeks to end-run the certification process by trying certification on the face of the complaint." *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 435–36 (E.D.La.2010); *Perez v. T.A.S.T.E. Food Products, Inc.*, 5:13-CV-655-DAE, 2014 WL 412327, at *7 (W.D. Tex. Feb. 3, 2014) (denying motion to dismiss collective action allegations are premature).

And as noted by a leading treatise on federal civil procedure:

"Compliance with the Rule 23 prerequisites theoretically **should not be tested by a motion to dismiss for failure to state a claim** or by a summary judgment motion. The proper vehicle is Rule 23(c)(1) (A), which provides that, at an early practicable time, the court must "determine by order whether to certify the action as a class action." Therefore, a party wishing to challenge the validity of maintaining the action under Rule 23 should move for a determination under Rule 23(c)(1) that a class action is unwarranted." Wright, Miller & Kane, *Federal Practice & Procedure*, Civil 3d § 1798.[1]

Therefore, as Judge Kaplan colorfully summarized: A "motion to dismiss the class and collective allegations (but not the claims of the named plaintiffs) seems to rest on the proposition that lawsuits are germs and that … *Twombly* … is penicillin. Just as penicillin does not kill all germs, *Twombly* does

---

[1] The language FRCP 23(c)(1)(A) parallels RCFC 23(c)(1)(A).

not kill all lawsuits, let alone require dismissal of class and collective action allegations in an otherwise legally sufficient complaint." *Hughes*, 07 CIV. 10356 (LAK), 2008 WL 2778885, at *1.

It is also worth noting Defendant cannot credibly claim to be unaware of who Smith seeks to include in his class. Back in August 2013, Defendant stated it did "not oppose conditional certification of a collective action to join additional consenting plaintiffs who worked for a Veterans Canteen Service restaurant and retail store as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" at any point within the relevant statute-of-limitations period." *See* Doc. 8, ¶ f at p. 2. Moreover, it was recently ordered to provide discovery on why it changed its position on this issue. *See* Doc. 41, p. 2. Defendant's motion should be denied, particularly in light of Smith's offer to amend his complaint. *See* Doc. 43.

**4.     An Affirmative Defense (Statute of Limitations) Does Not Provide a Basis for Dismissal under Rule 12(c).**

**A. Smith Isn't Required to Plead Around an Affirmative Defense.**

The FLSA's statute of limitations is an affirmative defense. *Pearce v. Wichita Cnty., City of Wichita Falls, Tex., Hosp. Bd.*, 590 F.2d 128, 134 (5th Cir. 1979); FRCP 8(c)(1). Because limitation is an affirmative defense, "a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations." *Frame v. City of Arlington*, 657 F.3d 215, 239-40 (5th Cir. 2011). Thus, a complaint cannot be dismissed pursuant to 12(b)(6) on the basis of limitations unless the complaint "affirmatively demonstrates that the plaintiff's claims are barred by the statute of limitations[.]" *Id.* at 240.

Because the FLSA's statute of limitations "is an affirmative defense," Smith "was under no obligation to anticipate and negate this affirmative defense in the complaint." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008). "Complaints need not contain any information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (citing, *inter alia, Gomez v. Toledo,* 446 U.S. 635 (1980)). Thus, the "three-

year statute of limitations [is] applicable even though the plaintiffs' did not plead any facts supporting their assertion that the defendant employer willfully violated the FLSA.." *Noble v. Serco, Inc.*, CIV.A.3:08-76-DCR, 2009 WL 1811550 (E.D. Ky. June 25, 2009). Therefore, even if the complaint is lacking in allegations supporting a finding of willfulness, "the omissions are not grounds for dismissal of a willfulness claim[.]" *Neman*, 4:11-CV-03082, 2012 WL 896438, at *5. If and when a defendant raises the statute of limitations in its answer, proof of a willful violation acts a partial rejoinder to this defense by extending the limitations period from 2 years to 3. *See* 29 U.S.C.A. § 255(a). But because the FLSA's statute of limitations is an affirmative defense, willfulness is not appropriately resolved via a motion to dismiss.

### B. Once Willfulness – a Mental State - Is Alleged Generally, It Cannot Be Resolved on a Motion to Dismiss.

"Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b); *Leon v. Pelleh Poultry Corp.*, 10 CIV. 4719 GAY, 2011 WL 4888861, *2 (S.D.N.Y. Oct. 13, 2011). Thus, at "the pleading stage, a plaintiff need not allege willfulness with specificity." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013) (reversing dismissal of FLSA claims); *Perrymond v. Lockheed Martin Corp.*, CIV.A 109CV1936TWT, 2010 WL 925178, *1 (N.D. Ga. Mar. 9, 2010) ("The Court declines to adopt that portion of the Report and Recommendation granting the Defendant Global Contract Professionals' Motion to Dismiss as to the claim for willful FMLA retaliation. Rule 9 allows state of mind to be alleged generally and the Plaintiff has done that."). Therefore, Smith's allegations that Defendant knew Smith was working more than 40 hours a week, without receiving overtime, because Defendant "refused to pay overtime" and "engaged in an intentional, willful, and unlawful act in refusing to pay Plaintiff" overtime, are sufficient. *See, e.g.*, Doc. 1, ¶¶ 6-7, 12-14; *Murphy,* 4:14-CV-1464, 2014 WL 4471538, at *2 (finding similar allegations sufficient).

Defendant's motion to dismiss Smith's willfulness claim also fails because "at this pleading stage prior to discovery the motion to dismiss … is premature." *Craven*, 2014 WL 345682, at *8. The Federal Rules "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, "FLSA plaintiffs are not required to prove willfulness prior to discovery." *Murphy v. Multi-Shot, LLC*, 4:14-CV-1464, 2014 WL 4471538 (S.D. Tex. Sept. 10, 2014) (citing *Walker v. Honghua America, LLC*, 870 F.Supp.2d 462 (S.D.Tex.2012)). Rather, whether "a violation of the FLSA is 'willful' is a fact-intensive inquiry not appropriately resolved on a motion to dismiss." *Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012); *Moran v. GTL Const., LLC*, 06 CIV 168 SCR, 2007 WL 2142343, *4 (S.D.N.Y. July 24, 2007) (same).

Further, Smith's proposed First Amended Complaint outlines how Defendant ignored his complaints that he was not receiving overtime as required by law. Complaints by employees regarding their pay has been repeatedly recognized as "evidence to support a finding of willfulness[.]" *Bingham v. Jefferson Cnty., Tex.*, 1:11-CV-48, 2013 WL 1312563 (E.D. Tex. Mar. 1, 2013) adopted as modified, 1:11-CV-48, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013). Dismissal of Smith's legitimate claim, based on an alleged pleading deficiency that can be readily cured, would be improper.

**5.     Conclusion.**

For these reasons, Defendant's motion to dismiss should be denied.

Dated:  September 26, 2014.          Respectfully submitted,

<u>**/s/ C. Ryan Morgan by Richard J. Burch**</u>
C. Ryan Morgan, Esq.
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 14th FloorOrlando, FL  32802
Telephone: 407-420-1414
Facsimile: 407-245-3401
E-mail:  RMorgan@forthepeople.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com

*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on September 26, 2014, which I understand will send a copy of same to all counsel of record.

**/s/ C. Ryan Morgan by Richard J. Burch**
C. Ryan Morgan, Esq.