IN THE UNITED STATES COURT OF FEDERAL CLAIMS
CASE NO.: 1:13-cv-00161 C VJW

Judge Victor J. Wolski

ROY SMITH, on his own
behalf and for others similarly situated,

v.

UNITED STATES OF AMERICA,   **CLASS/COLLECTIVE ACTION**

    Defendant.
_____/

**FIRST AMENDED COMPLAINT**

**Introduction**

1. Plaintiff Roy Smith worked for the Department of Veterans Affairs (and thus the United States of America) in one of its Veterans Canteen Svc (VCS) restaurants and retail stores.

2. Smith worked for Defendant as a management trainee in Texas.

3. Although he typically worked at least 50 hours a week, Smith did not receive overtime as required by the Fair Labor Standards Act (FLSA).

4. Instead, Defendant paid Smith, and other management trainees like him, on a straight salary basis.

5. Because Smith and the other management trainees like him were entitled to overtime pay, Smith brings this collective action against Defendant.

**Jurisdiction & Venue**

6. This Court has jurisdiction over Plaintiff's FLSA claims. *Smith v. United States*, 13-161C, 2014 WL 1266825 (Mar. 24, 2014). The Court has authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 *et seq*.

7. In addition to rejecting Defendant's argument that this Court lacked jurisdiction over this case, the Court rejected Defendant's motion to transfer. Venue is proper in this Court.

**Parties**

8. Smith was hired, and worked, as a salaried management trainee. His written consent is on file with the Court.

9. During his employment, Smith typically worked at least 50 hours per week.

10. Defendant was required by law to track the hours Smith worked each week.

11. Nonetheless, Defendant did not track the hours Smith worked each week.

12. Smith was employed by Defendant as a management trainee for approximately 20 weeks.

13. As a public agency, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1)(C).

**Facts**

14. Smith brings this collective action on behalf of all salaried management trainees employed by Defendant at VA Canteen locations.

15. Management trainee is an entry-level position with Defendant.

16. Defendant claims to have two job titles for management trainees employed at the VCS.

17. Both titles - "intern" and "trainee" – refer to the "management trainees" covered by Smith's complaint.

18. Both "interns" and "trainees" fall under the job title "Canteen Management Trainee" referenced in the Veterans Canteen Service Procedures Handbook.

19. Defendant uniformly classifies its management trainees as exempt from the FLSA's overtime provisions.

20. Within the past 3 years, Defendant has employed more than 100 management trainees that it has treated as exempt from the FLSA's overtime provisions.

21. All these management trainees are/were paid a salary for the work they perform(ed).

22. These management trainees are not paid overtime for hours worked in excess of 40 in a workweek.

23. But Defendant's classification of management trainees as exempt is improper.

24. All management trainees are employed for the same purpose – to receive on the job training from a canteen chief.

25. The on the job training management trainees receive is standardized.

26. All management trainees work under the direct supervision of a canteen chief.

27. All management trainees' on the job training includes working in the various non-exempt positions in the canteen.

28. For example, management trainees perform the duties of a serving line employee.

29. Management trainees also perform the duties of a cook during their training.

30. But rather than actually performing the exempt job duties of a canteen chief, they are observing and learning how to perform the duties of canteen chief.

31. Any actual discretionary and supervisory decisions are made by the canteen chief.

32. After training is complete, management trainees are promoted out of the position and may begin actually exercising discretionary authority.

33. As such, management trainees are not actually performing the job duties of a canteen chief.

34. Established OPM guidance is designed to preclude exempting trainees who are in a line of work which requires discretion, but who have not been given authority to decide discretionary matters independently.

35. Since it assigns management trainees to perform their non-exempt work, Defendant is fully aware management trainees are performing non-exempt work.

36. Defendant therefore knew, or reasonably should have known, its management trainees were not exempt from the overtime provisions of the FLSA.

37. Defendant nonetheless did not track the actual hours worked by the other management trainees prior to March 2013 (when this lawsuit was filed).

38. On information and belief, Defendant still does not track the hours worked by management trainees.

39. To the extent Defendant's records show the hours worked by its management trainees, these records demonstrate management trainees work more than 40 hours a week in certain workweeks.

40. Defendant's violation of the FLSA's overtime provisions was willful since it knew, or showed reckless disregard for whether, its conduct violated the FLSA.

41. Defendant is obligated to classify management trainees as non-exempt if there is a "reasonable doubt" as to whether the position is exempt.

42. Defendant nonetheless did not investigate whether management trainees were properly classified as exempt from the overtime provisions of the FLSA.

43. If Defendant performed an adequate inquiry into whether its conduct complied with the FLSA (as is required by 5 C.F.R. § 541.104), it learned that management trainees were entitled to overtime.

44. Moreover, Smith complained to Defendant about its failure to pay overtime.

45. In particular, Smith stated to Defendant's management that as a trainee, he was entitled to be paid overtime for hours worked in excess of 40 in a workweek.

4

Exhibit A - First Amended Complaint - Page 4 of 9

46. Despite Smith's complaint, Defendant did not investigate whether Smith was correctly classified as exempt.

47. Defendant did not change Smith's status to non-exempt.

48. Defendant never limited Smith to working hours to 40 (or fewer) hours a week.

49. In fact, on information and belief, Defendant did not limit management trainees to working 40 (or fewer) hours during their employment in 2011.

50. On information and belief, Defendant did not limit management trainees to working 40 (or fewer) hours during their employment in 2012.

51. On information and belief, Defendant did not limit management trainees to working 40 (or fewer) hours during their employment in 2013.

52. On information and belief, Defendant suffered or permitted management trainees to work more than 40 hours per week.

53. On information and belief, Smith average workweek of 50 hours is typical for a management trainee.

**Class Certification**

54. Defendant employed more than 100 management trainees within the past 3 years.

55. The management trainees live in various parts of the country.

56. The management trainees work, or worked, in locations across the country.[1]

57. Defendant has a policy of treating all its management trainees as exempt from the FLSA's overtime requirements without regard to the job duties actually performed by individual workers.

58. The job duties to be performed by management trainees are detailed in a Canteen Management Trainee program.

---

[1] http://www.vacanteen.va.gov/CanteenLocations.php

5

59. The Canteen Management Trainee program is designed to be implemented in the same manner across all VCS locations.

60. Management trainees are supposed to be, and are, supervised in a similar manner throughout their training (that is, during their time as management trainees).

61. Whether the job duties dictated by Defendant, and performed by management trainees, are exempt can be determined on a classwide basis because they are standardized.

62. Smith's experience as a management trainee is typical of that of a management trainee.

63. He performed similar job duties (such as performing the job duties of a line server and a cook).

64. All management trainees have similar material to learn.

65. Smith was trained (and thus employed) pursuant to Defendant's standardized training procedure.

66. Although Defendant did not maintain accurate records of the hours worked by its management trainees, much of the information necessary for computing damages can be found on the face of government records.

67. Further, because Defendant's exemption policy was made categorically (i.e., all workers employed as management trainees are treated as exempt regardless of their working conditions), its good faith – or lack thereof - can be evaluated class-wide.

68. Similarly, whether Defendant's violation of the FLSA was willful can be evaluated on a class-wide basis.

69. As described in this Complaint, Smith shares the same essential characteristics – position, salary, job duties, and training process – as the other management trainees.

70. The common questions presented by the facts of this case, and as described in this complaint, predominate over individual issues.

71. All of the management trainees, including Smith, have the same interest in obtaining the wages they are legally entitled to.

72. There are no conflicts between Smith and the other management trainees.

73. Further, Smith has retained lawyers with extensive experience in class litigation. For example, a search of Westlaw reveals Smith's lawyers have routinely represented classes in wage and hour litigation. *See, e.g., Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323 (N.D. Ill. 2010).

74. Smith's lawyers have also contributed to scholarship in the field of FLSA litigation. *See, e.g.,* Richard J. Burch, *A Practitioner's Guide to Joint Employer Liability under the FLSA*, 2 Hous. Bus. & Tax L.J. 393, 402 (2002).

75. Because Defendant's management training process is designed to train management trainees for another position, employees generally do not stay in the management trainee position for long.

76. As such, management trainees generally do not remain management trainees for lengthy periods of time.

77. The overtime claims of management trainees tend, therefore, to be modest in size.

78. In the absence of a collective action, many management trainees would not find it practical, or even possible, to challenge Defendant in the Court of Federal Claims.

79. This is particularly true due to the geographical dispersion of the potential class members.

80. Given Defendant's records, the process of identifying and notifying the other management trainees will not be daunting.

WHEREFORE, Smith respectfully requests a judgment be entered against Defendant:

a. Designating this action as a collective action on behalf of all salaried management trainees who Defendant treated as exempt from the FLSA and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, Defendant's actions were in violation of the overtime provisions of the FLSA;

c. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, Defendant's violations of the FLSA were willful;

d. Awarding Smith, and all others who join this action, overtime compensation in the amount due for hours worked in excess of forty (40) hours per work week;

e. Awarding Smith, and all others who join this action, liquidated damages in an amount equal to their overtime award;

f. Awarding Smith reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g. Awarding Smith, and all others who join this action, pre-judgment interest;

h. Granting Smith an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b), to all salaried management trainees employed at a VCS location within the 3 year period preceding the filing of this action; and

i. Ordering any other further relief the Court deems just and proper.

Dated: September 26, 2014.  Respectfully submitted,

**/s/ C. Ryan Morgan by Richard J. Burch**
C. Ryan Morgan, Esq.
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 14th FloorOrlando, FL  32802
Telephone: 407-420-1414
Facsimile: 407-245-3401
E-mail:  RMorgan@forthepeople.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile:  (713) 877-8065
Email:  rburch@brucknerburch.com

*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on September 26, 2014, which I understand will send a copy of same to all counsel of record.

**/s/ C. Ryan Morgan by Richard J. Burch**
C. Ryan Morgan, Esq.